## In re DE WITT CLINTON CO., Inc.

District Court, S. D. New York.

Nov. 27, 1934.

Kadel, Van Kirk & Treucher, of New York City, for debtor.

Hornblower, Miller, Miller & Boston, of New York City, for bondholders' committee.

Wise, Shepard & Houghton, of New York City, for successor trustee.

Samuel L. Chess, of New York City, for certain bondholders.

Pollock & Nemerov, of New York City, for certain bondholders.

Harry Hoffman, of New York City, stockholder in person.

GODDARD, District Judge.

The compensation of the committee is fixed at $7,500 with the following amounts for expenses incurred and to be incurred:

Item (a)
(Mr. Pounds' affidavit of 11/22/34)—$1,500
Item (b)
(Mr. Pounds' affidavit of 11/22/34)  2,238
Item (c)
(Mr. Pounds' affidavit of 11/22/34)    100
      (disbursements of depositary)
Item (d)
(Mr. Pounds' affidavit of 11/22/34)  1,500
Item (e)
(Mr. Pounds' affidavit of 11/22/34)  1,000
   (This allowance of $1,000 is, I believe, a generous share of these general expenses for this estate to stand.)

The compensation of attorneys for committee is fixed at $10,000.

Relative to the amount of fees and disbursements which should be allowed in this matter is the fact that this is only one of a large number of similar Struass & Co. issues covering various properties which are represented by this same committee and counsel. Presumably one of the reasons for placing so many of them in the hands of one committee and its counsel is that they could be handled less expensively, a

830

considerable part of the services rendered and agreements prepared being substantially duplications of those in other bond issues represented by the committee and its counsel.

The compensation of the Continental Bank & Trust Company of New York for services rendered in the foreclosure proceeding and to be rendered, including fees for its counsel and other disbursements, is fixed at $6,000.

The compensation of Kadel, Van Kirk & Trencher, as attorneys for the debtor, for their services is fixed at $12,500.

■ It is obvious that the fact that the debtor may have agreed to the allowances of the committee and of counsel is not an infallible guide as to the actual value of the services rendered by them, for although they presumably negotiated solely in behalf of the bondholders, other considerations may enter into the situation.

■■ I believe that except in very unusual instances, the court should make no allowances from the estate for fees to counsel representing individual bondholders, as that would tend to encourage evil practices. Such counsel ordinarily should look to their own clients for their compensation. From the hearing before me and from the records, I am convinced that Mr. Samuel L. Chess and Pollock & Nemerov, who respectively represented groups of bondholders, devoted an exceptional amount of time and effort in helping to bring about a successful reorganization, in which all the bondholders have benefited, and in fairness that they should be allowed some compensation. Accordingly, Mr. Chess is allowed a fee of $3,000 and Pollock & Nemerov are allowed a fee of $1,000.

No fee from the estate can be allowed to Mr. Hoffman who, although he may have aided in the reorganization, represented bonds which he himself or his family owned.

The amount of $19,641.97, which is the difference between the amounts the debtor had offered to pay to the committee and counsel for fees and disbursements, and to the Continental Bank & Trust Company, and the allowances now fixed by the court are to be paid into a fund and distributed by the debtor to bondholders who had to forego interest for a period prior to reorganization.

Settle order on notice.