## In re SEFTON NAT. FIBRE CAN CO.
### No. 8002.

District Court, E. D. Missouri, E. D.
Dec. 30, 1935.

Taylor, Chasnoff & Willson, of St. Louis, Mo., for debtor.

Kenneth Teasdale, of St. Louis, Mo., for Mr. W. P. Hicks.

Nagel, Kirby, Orrick & Shepley, of St. Louis, Mo., for Container Corporation of America.

DAVIS, District Judge.

The applicant was retained as counsel by W. P. Hicks, a holder of one-half of the preferred stock of the debtor corporation. In this capacity he rendered substantial and effective legal services. Applicant, on behalf of his client, filed objections to the original plan of reorganization filed by the debtor. These objections were sustained by the court, and an amended plan was presented by the debtor. This plan likewise met the opposition of applicant's client, and, while the matter was under submission, counsel for Mr. Hicks filed a suggested plan of reorganization. This situation terminated in the presentation of a second amended plan of reorganization by the debtor, which was approved by the court, with the consent of all interested parties.

The position of applicant is that, while he was retained by a single stockholder, and rendered service primarily in the interest of that client, yet applicant's efforts also redounded to the interest of debtor, and to that extent he should be compensated by the debtor.

Section 77B(c)(9) of the Bankruptcy Act, 11 U.S.C.A. § 207(c)(9) provides: "The judge * * * may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing."

The statute vests the court with broad discretion as to the amount and the parties to whom allowances may be made. It creates hope in the minds of parties who prior thereto were entirely outside the group whose compensation was considered a matter of judicial concern. Now, as debtors are to pay allowances made by the courts, in instances where interested individuals and groups, prior to this statute, compensated their own attorneys and agents, there is a probable increased burden to be borne by estates in process of reorganization. Consequently, section 77B, conceived, in part, in the interest of economy in administration, threatens, in practice, to have the opposite effect. If excessive expenses are to be avoided in these proceedings, it will result from the manner of administration and not from the terms of the law, which place the whole responsibility upon the court.

We are not unmindful of the intelligent and effective service rendered by this applicant. He was retained to represent a client. He discharged that obligation. The interest of that client dominated applicant's efforts in the reorganization proceeding. That interest prompted applicant in the early stages of this case to take the position that a reorganization was unnecessary and ill advised. The several plans presented were examined in the light of his client's position and his opposition withdrawn when it was conceived that this client had been protected.

The applicant's position is no different from that of counsel for any other stockholder or creditor in a reorganization proceeding. If the obligation is upon the debtor in one case, it is upon it in all.

It is impossible to conceive that any such a purpose was intended. The outstanding purpose of the amended act, upon which this case rests, was to afford aid in the effort to rehabilitate corporations solvent in fact, but unable to meet maturing obligations. To effect this end it was rec-

ognized that attorneys and creditor and stockholders' committees would be required to render service and incur expenses. Services that are to be compensated by the debtor are those rendered primarily and directly for the purpose of effecting a rehabilitation of the debtor, and, if that is found to be impossible, then for the purpose of preserving the assets for liquidation, and not services rendered in the interest of some individual stockholder or creditor.

Then, too, the granting of the application made in this case would encourage individual action, which leads to confusion, conflict, and expense, and discourages group action, which is so essential in proceedings of this nature.

The application is overruled.