**In re MEMPHIS STREET RY. CO.**

**FULLER et al. v. MEMPHIS STREET RY. CO. et al.**

No. 7260.

Circuit Court of Appeals, Sixth Circuit.
June 4, 1936.

Rehearing Denied Jan. 5, 1937.

A. M. Lewis, of New York City (Albert Rathbone and Larkin, Rathbone & Perry, all of New York City, on the brief), for appellants.

John T. Shea, of Memphis, Tenn., for appellees.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from an order of the District Court in a proceeding under 77B of the Bankruptcy Act (11 U.S.C.A. § 207) denying the appellants, a bondholders' protective committee, later a reorganization committee, compensation for their services and reimbursement for expenses incurred by them, including counsel fees, in the reorganization of the Memphis Street Railway Company.

In January of 1932 the railway company defaulted on the payment of interest

due on its bonds issued and outstanding under a deed of trust. After the default, appellants, owning or representing about 54 per cent. of the outstanding bonds, formed a bondholders' protective committee. Immediately thereafter they employed as counsel for the committee the law firm of Larkin, Rathbone & Perry, and hired experts to examine the books and affairs of the railway company with the view of determining what could be done to protect their interests with those of other creditors. Counsel for the committee prepared a protective agreement under which the stockholders and bondholders might deposit their stock and bonds and receive certificates of deposit. All of the stock and more than 98 per cent. of the bonds were deposited under the agreement. The unsecured creditors also joined in it. The committee was authorized in the agreement to borrow money for expenses and to charge the deposited securities with a lien for its payment. Thereafter, acting on the data furnished by the experts, counsel for the committee advised a reorganization of the debtor and prepared plans therefor, which were finally adopted by the committee in July of 1933. The committee then caused the trustee under the mortgage to begin foreclosure proceedings, in which a receiver was appointed for the debtor by the District Court. The committee intervened in the proceeding and filed a copy of its plan of reorganization, asking the court to supervise and carry out the reorganization. A hearing was had on the application, and the court approved the plan as fair. and equitable. This was prior to the enactment of 77B of the Bankruptcy Act. Upon the enactment of that statute, the committee constituted itself a reorganization committee, assumed the liabilities of the bondholders' protective committee for counsel fees and other expenses, and caused the debtor to file a petition for reorganization. The plan theretofore formulated by the committee was filed in the proceeding and approved by the court, and the reorganization was consummated.

The capital structure of the company consisted of mortgage bonds in excess of $9,000,000 and capital stock, preferred and common, of the par value of $5,000,000. Among its liabilities was an indebtedness of $3,000,000, evidenced by promissory notes. There were also many small claims, including unliquidated tort claims. The plan of reorganization arranged to settle the claims and unsecured indebtedness, cut down the capital structure by about $4,000,000, and reduced the fixed charges 80 per cent. for the first three years and 60 per cent. thereafter. It was wholly successful as evidenced by the court's approval and the turning over of the property as a going concern to the debtor.

The petition of appellants to be reimbursed for expenses incurred and for the allowance of compensation to themselves and fees for counsel for services rendered prior to the institution of the foreclosure proceeding was denied on the ground that there was no provision in the statute for the allowance of such compensation and expenses; as to compensation for services rendered and expenses for counsel fees incurred after the filing of the foreclosure proceeding and during the proceeding under 77B, the denial was based on the ground that the committee and its attorneys were acting for the benefit of the bondholders and not the debtor.

While it is undoubtedly true that the aim of section 77B is to furnish an expeditious and economic method of reorganizing overburdened corporations without the expense and waste that so often attend reorganizations through equity receiverships, it is quite as certain that Congress intended by subsection (c) of the act (11 U.S.C.A. § 207(c) to allow to those who effect a reorganization for the benefit of the debtor a reasonable compensation for their services and expenses. The applicable part of this provision reads: "Upon approving the petition or answer or at any time thereafter, the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him, * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily."

Claims for compensation, expenses, and counsel fees under this statute have been considered in many cases with varying re-

sults.[1] The right is generally made to depend on whether the services were for the benefit of the debtor. This test manifestly cannot be so strictly applied as to disassociate it entirely from benefits inuring to creditors, including creditors who may have formulated the plan, for obviously that which benefits the debtor, that is, enables it to meet its obligations and carry on its business, must in the majority of cases benefit its creditors. Whether the interest primarily and dominantly benefited be the debtor or the creditors rendering the service must be determined, as indicated, on the special facts. Thus, if the creditors are secured on their claims against probable losses from inaction, the interest to be served by a successful reorganization would seem to be that of the debtor, such benefits as the creditors would receive being incidental. On the other hand, if the creditors are not amply protected in their claims but in the reorganization are given protection which they originally did not have, the paramount interest served might well be considered their interest. Some of the matters to be considered in making the determination are the extent and salable value of the creditors' security and the operative value of the debtor's property not under mortgage or lien, with its chances of continuing business and meeting its obligations both with and without an advantageous reorganization. We do not and could not, of course, indicate all the criteria to be considered. In many cases those to which we have referred will be sufficient; in others the benefits may be too closely related and intermingled as between the interested parties to be allocated as a whole. In such a case the court would be justified in requiring the debtor to make compensation on the basis of what is deemed to be its proportionate share.

■ The court made no findings of fact on which an ultimate finding of the interests served in this case could be based. There is nothing in the record from which we can make the finding. The approval of the plan would indicate, however, that the court regarded it as in the interest of the debtor. In that view some allowance should have been made to the appellants and their counsel for the services which they performed in formulating and presenting it. We think the compensation should not be limited to services rendered after the filing of the receivership proceedings. Nowhere does the act provide for such a limitation. The debtor was a corporation with a large capitalization. It had many creditors whose interests conflicted in varying degrees. The committee and its counsel worked several months in perfecting the plan of reorganization, which was satisfactory to the stockholders and creditors. The work engaged the services and time of men experienced in the reorganization of debt-burdened corporations. Such work cannot be done in a few days; it requires skill and patience. The act was intended, as stated, to furnish an expeditious, as well as an economic, method of reorganizing corporations in financial distress. To serve this purpose it is necessary in many cases—indeed, in most cases—to work out the plan before the proceeding is instituted. If creditors may not, except at their own expense, undertake the rehabilitation until delay and court proceedings have greatly reduced the likelihood of rescue, incentive to timely effort at reorganization is destroyed, and the purpose of the statute may thus be defeated rather than accomplished. We can see no reason why compensation for services rendered in effecting a reorganization should be made to depend on whether the services were rendered before or after the court proceeding was instituted if they were valuable and were in the interest of the debtor. In either case the debtor receives the benefit. In the former it is in position to avail itself of the services immediately upon the

[1] In re National Lock Co., 82 F.(2d) 600 (C.C.A.7); In re Paramount Publix Corp. (Cravath, De Gersdorff, Swaine & Wood v. Paramount Pictures, Inc.), 83 F.(2d) 408 (C.C.A.2); In re Paramount Publix Corp. (Kuhn, Loeb & Co. v. Paramount Publix Corp.) 83 F.(2d) 406, (C.C.A.2); In re Wayne Pump Co., 9 F.Supp. 940 (D.C.N.D.Ind.); In re Kentucky Electric Power Corp., 11 F.Supp. 528 (D.C.W.D.Ky.); In re National Department Stores, 11 F.Supp. 633 (D.C.Del.); In re De Witt Clinton Co., 11 F.Supp. 829 (D.C.S.D.N.Y.); In re Milwaukee Lodge, 12 F.Supp. 854 (D.C.E.D.Wis.) 83 F.(2d) 662 (C.C.A.7); In re 2747 Milwaukee Ave. Bldg. Corp., 12 F.Supp. 557 (D.C.N.D.Ill.); In re Sefton Nat. Fibre Can Co., 13 F.Supp. 83 (D.C.E.D. Mo.); In re 211 East Delaware Place Bldg. Corp., 13 F.Supp. 473 (D.C.N.D. Ill.); In re Kelly Springfield Tire Co., 13 F.Supp. 724 (D.C.Md.); In re Celotex, 13 F.Supp. 1011 (D.C.Del.). See, also, "Reorganization under Section 77B of the Bankruptcy Act," 49 Harv.L.Rev. 1111, 1199.

filing of the proceeding, of itself an added benefit. We recognize, of course, the abuses that have grown up in the allowance of fees in receivership and reorganization proceedings, and we do not intimate any opinion as to whether the compensation and fees and expenses sought by the appellants are reasonable. That is a matter to be determined by the trial court after a finding that the services were rendered in whole or in part in the interest of the debtor.

The order of disallowance is set aside and the cause remanded for a rehearing and for findings of fact as to whether the reorganization as effected was in the interest of the debtor, with such appropriate findings on the questions of compensation, fees, and expenses of appellants, if any, as may be made necessary thereby.