## In re PARAMOUNT PUBLIX CORPORATION.

## PALMER v. PARAMOUNT PICTURES, Inc.

### No. 375.

Circuit Court of Appeals, Second Circuit.
Sept. 16, 1936.

Archibald Palmer, of New York City, pro se (Archibald Palmer, Samuel Masia, and Harry D. Glicksman, all of New York City, of counsel), for appellant.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Richard Jones, 3d, both of New York City, of counsel), for appellee Paramount Pictures, Inc.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The appellant, Archibald Palmer, has appealed from an order denying his application for compensation for legal services made in a proceeding under section 77B (11 U.S.C.A. § 207) to reorganize the debtor, Paramount Publix Corporation. He represented 3,220 shares of the common stock of the debtor and $50,000 of bonds of Allied Owners Corporation, one of the debtor's creditors. He also represented a committee of first mortgage bondholders of Allied Owners Corporation.

The only definite benefits that are said to have accrued to the debtor through appellant's activities were the reduction of the rate of interest to be charged by the banks from 6 per cent. to 5 per cent. and an amendment of the plan which provided for a board of directors for the successor corporation more representative of the different groups of creditors and stockholders than was originally provided. In addition to these advantages, the appellant claims that his examination of various witnesses developed facts affording all persons having any interest in the reorganization full information on which to act.

In our opinion the suggested modification of a rate of interest proposed in a plan, which had been prepared by others and had been accepted almost in toto, and the further services set forth, would hardly in themselves furnish sufficient basis to warrant an allowance out of the general estate, even if the appellant had represented a recognized committee of stockholders. But in addition to this, it should be observed that the only interests in the debtor represented by Mr. Palmer were relatively small holdings of its common stock and certain bonds of Allied Owners Corporation, a creditor, which was itself in reorganization. The claims of the latter against the debtor were vested in its trustees and could be fully asserted by them. There was already in existence a stockholders committee representing 2,154,000 shares of stock of Paramount Publix Corporation.

Before appellant could properly claim an allowance out of the general estate, he ought to have satisfied the court that the stockholders of the debtor, or the creditors of Allied Owners Corporation for whom he appeared, needed as members of a class further representation in connection with the reorganization than that already available to them, and that his services were rendered with the understanding that they were to be made the basis of a claim for compensation out of the general estate. This he failed to do.

Section 77B (c) (9) of the Bankruptcy Act (11 U.S.C.A. § 207 (c) (9) provides that:

"Upon approving the petition or answer or at any time thereafter, the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him * * *

"(9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor."

It is to be noticed that the statutory grant of power to award compensation makes its exercise permissive rather than mandatory, and while, under some circumstances, it might be an abuse of discretion to withhold compensation entirely, in our opinion, the making of any award should be guided by those considerations which have always affected courts of equity and bankruptcy in dealing with such matters.

Both in proceedings in equity and in bankruptcy simpliciter it is the ordinary rule that attorneys representing creditors, security holders, or stockholders must look for compensation to their clients rather than to the general estate. In re New York Investors (C.C.A.) 79 F.(2d) 182, 186, certiorari denied Endelman v. Reconstruction Finance Corp., 296 U.S. 649, 56 S.Ct. 308, 80 L.Ed. 462; In re Realty Associates Securities Corporation (C.C.A.) 69 F.(2d) 41, certiorari denied Bondholders' Committee v. Realty Associates Securities Corp., 292 U.S. 628, 54 S.Ct. 631, 78 L.Ed. 1482. This is because the estate is ordi-

narily represented by a receiver or trustee whose duty it is to take all steps necessary to protect it, and only when he neglects his duty and a suit by others is necessary in order to recover assets or prevent waste will compensation or recoupment of expenses be awarded as though proceedings had been at his instance. United States v. Equitable Trust Co., 283 U.S. 738, 51 S.Ct. 639, 75 L.Ed. 1379; Trustees of Internal Improv. Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157.

■ The provisions of section 77B (c) (9) are broader than the provisions of the old Bankruptcy Act and the judge-made rules applicable to equity receiverships and clothe the courts with a wide discretion. Their purpose was to make the expenses necessarily incidental to a reorganization payable out of the estate at large. Such a purpose was reasonable, since a reorganization is a rehabilitation for which the debtor or those whom it in fact represents ought to pay. It cannot, however, be doubted that most large estates are besieged by persons claiming to have played some part in liquidating or rehabilitating them, and that if provision is not made to prevent duplication of work and compensation, their administration will be haphazard and largely dependent on the sporadic notions of the particular judge in charge as to what may vaguely be regarded as equitable. Without some standardization of practice, the broad and useful powers granted by section 77B (c) (9) are likely to produce serious evils of which the flood of applications for high fees in this very case gives warning—a flood fortunately held back by the sound decision of the experienced district judge, though at the expense of much time and labor. Because of the danger of numerous and extravagant allowances, we shall attempt the task of indicating certain methods of administration likely to prove beneficial to estates, and, as we believe, capable of practical operation.

■ First of all, we would express our acquiescence in the statement of Judge Coxe that: "Any creditor or stockholder is entitled as of right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan (section 77B (c) (11) [11 U.S.C.A. § 207 (c) (11)]. But mere participation in the hearings at which these questions are discussed, or offering advice, suggestions, or criticisms regarding the proposed plan, or on matters of procedure, does not give rise to any claim for compensation from the estate. These are services for which attorneys should look to their own clients for payment." In re Paramount-Publix Corporation (D.C.) 12 F.Supp. 823, 828, 829.

■ In addition to the limitations of allowances under the foregoing "de minimis" rule, we think that in order to prevent duplication there should be no award to any person or committee where an efficient, honest committee for the same class of creditors or stockholders is in the field, unless the court is persuaded of the necessity of additional representation in the interest of a proper reorganization. Accordingly, a committee organized to represent a class of creditors or stockholders may ordinarily be compensated for its services and reimbursed for its expenses "incurred in connection with the proceeding and the plan" out of the general estate if there is no other committee in action; but ordinarily there is no need of more than one committee if its representation of the class it purports to serve is adequate. If some other committee or person proposes to seek compensation out of the general assets, there should be an application to the court for recognition, preferably in advance of the rendition of the services for which compensation is to be sought. It should show the need of separate representation, and there should be an allowance out of the general estate only where those recognized have performed substantial services "in connection with the proceeding or plan." We have used the words "preferably in advance," because there may be situations where second committees are acting in pending estates with the tacit approval of the court though without an order recognizing them made upon a formal application. In such cases it might prove an unexpected hardship to require an order in advance of the rendition of services where separate representation is found to have been necessary for proper administration; but in dealing with future proceedings under section 77B, orders for separate recognition should be obtained before any services are performed, if payment is to be sought from the general estate. This is in accord with the practice illustrated in the following cases: In re Diamond Fuel Co., 6 F.(2d) 773 (C.C.A.2); Davis v. Seneca Falls Mfg. Co., 17 F.(2d) 546, 549 (C.C.A.

2); In re Eureka Upholstering Co., 48 F.(2d) 95 (C.C.A.2); In re New York Investors, 79 F.(2d) 182, 186 (C.C.A.2), certiorari denied Endelman v. Reconstruction Finance Corp., 296 U.S. 649, 56 S.Ct. 308, 80 L.Ed. 462. While the present decision must serve as a sufficient warning to the profession, a District Court rule dealing with the matter would, we believe, prove advantageous.

 In the absence of an adequate representation of an interest, compensation may be awarded even in case of individual representation. Matter of Consolidated Motor Parts (C.C.A.) 85 F.(2d) 579, filed herewith. But only under unusual circumstances should any one other than a committee representing a substantial percentage of creditors or stockholders be awarded compensation. Where such an efficient, honest committee exists, the attempt of individuals to inject themselves into the administration and to be paid from the estate cannot ordinarily be justified. The debtor or its trustee, or the existing committee, will sufficiently represent the class. See In re De Witt Clinton Co. (D.C.) 11 F.Supp. 829.

Usually it is proper to award compensation to individuals or relatively small groups only where no one is in the field to protect the interest of the individual or class for which the person or small group speaks, and under all circumstances compensation should be allowed only where services are reasonably required, whether those rendering them be committees or individuals. In re A. Herz, Inc., 81 F.(2d) 511 (C.C.A.7).

In the case at bar there was a committee for stockholders before Mr. Palmer attempted to act for that class, and the trustees of Allied Owners Corporation represented its interest as a creditor of Paramount Publix Corporation. The plan proposed was adopted with slight amendments, and we feel no certainty that even the amendments made would not finally have been inserted at the suggestion of the court or the committee for stockholders or the trustees without any suggestions from the appellant. Indeed, the appellant Samuel Zirn says that he made the very suggestion as to the lowering of the rate of interest by the banks on which Mr. Palmer so much relies to support his claim.

In view of all the circumstances, we hold that this appellant never obtained a

standing either as the representative of a separate class or otherwise which entitled him to the compensation he requests, and that his application was properly denied.

Order affirmed.