## In re NINE NORTH CHURCH ST., Inc.

### Ex parte GLASS & LYNCH et al.
### No. 270.

Circuit Court of Appeals, Second Circuit.
April 5, 1937.

Glass & Lynch, of New York City (Leslie Kirsch and Joseph Glass, both of New York City, of counsel), for appellants.

Charles B. Sullivan and Benjamin Mc-Clung, both of Albany, N. Y. (Edward S.

Greenbaum, Theodore S. Jaffin, and Benjamin Kaplan, all of New York City, of counsel), for debtor-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. This is an appeal by the agent of certain bondholders and his attorneys from an order denying them adequate compensation for services in connection with a proceeding by the debtor for reorganization under section 77B of the Bankruptcy Act (11 U. S.C.A. § 207). The appeal raises the question of the power of the District Court to allow compensation in such a proceeding to attorneys for intervening creditors who have secured the rejection of a plan of reorganization and the termination of the proceeding. The court below allowed them $250 as fees and $225.86 as disbursements, and no appeal was taken by the debtor from this award. But the agent and his attorneys appealed on the ground that the compensation fixed is inadequate. Even though it be assumed that the services were so substantial and the result so successful that the compensation was in fact too small, we think that the court could not properly compensate persons in the position of the appellants and that we, therefore, should not increase the sums that have been awarded.

In Re Consolidated Motor Parts, 85 F. (2d) 579, 581, we allowed an attorney for certain members of a class of creditors compensation out of the estate because he had secured the modification of a plan of reorganization which was unfavorable to the class and none of its members had any other adequate representation. The modification benefited the estate as a whole because it made possible an equitable plan. We remarked that: "The creditors as a whole are interested in having some workable plan adopted, and the mere fact that work which has substantially aided the plan finally approved has been performed by an attorney for creditors or stockholders owning interests adverse to some of the other parties, does not necessarily deprive him of compensation." We also said: "If he had merely done work in opposing a plan that substantially prevailed, he would hardly have been entitled to compensation from the estate." In the foregoing decision, as well as in Palmer v. Paramount Pictures, Inc., 85 F.(2d) 588, we attempted to set forth certain principles governing the exercise of the power to award compensation where a reorganization has been effected under section 77B. In the case at bar no reorganization ever took place because the proposed plan though adopted by the bankruptcy court was upset on appeal and the proceeding ordered dismissed upon the payment of the allowance of $250 and disbursements of $225.86 above mentioned.

Section 77B(c) (9), 11 U.S.C.A. § 207 (c) (9), provides that: "Upon approving the petition or answer or at any time thereafter, the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him, * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor."

We are satisfied that the purpose of subdivision (c) (9), supra, in extending the class of persons to whom allowances may be granted out of an estate in the custody of the bankruptcy court was to promote a common effort by those interested to work out a fair plan of reorganization whereby all the divergent claims of a debtor and its creditors and stockholders might be adjusted. Such an effort usually requires much work and co-operation and, so far as the work may be necessary to aid in a reorganization and the plan adopted is for the general benefit in the sense that it results in setting a water logged business afloat, it has been thought proper to compensate those performing services in effecting rehabilitation from the general estate. In re Consolidated Motor Parts, 85 F.(2d) 579, (C.C.A.2); Straus v. Baker Co., 87 F.(2d) 401 (C.C.A.5).

Compensation can only be allowed "in connection with the proceeding and the plan." The words "in connection with the proceeding," if taken alone, might cover any services in the course of the 77B proceeding. We think, however, that they should be limited to such necessary services as are steps in a reorganization, not merely proposed or temporarily adopted through error, but finally effected. The authority to grant allowances which are not sanctioned by statute where there is a liquidation in bankruptcy, nor indeed by the practice in equity receiverships [In re New York Investors,

79 F.(2d) 182, 195 (C.C.A.2) ; In re Realty Associates Securities Corporation, 69 F.(2d) 41 (C.C.A.2) ; In re Manhattan Music Hall, 14 F.Supp. 48 (D.C.)], is naturally limited to cases where there is a reorganization under section 77B.

There is no more reason for awarding compensation to persons who have defeated a proceeding for reorganization under 77B than there is for awarding it to those who have secured the dismissal of an ordinary bankruptcy proceeding. In neither case has the successful party done anything to augment the estate or to administer the assets. In each case he must content himself with costs. Pratt v. Bothe, 130 F. 670 (C.C.A.6) ; In re Evenod Perfumer, 4 F.Supp. 916 (D.C.) ; In re Manhattan Music Hall, 14 F.Supp. 48 (D.C.). We are not saying that compensation might not properly be allowed to a trustee, had one been appointed under section 77B, or to his attorney, for necessary expenses in administering or preserving the estate. We are only holding that services in obtaining the dismissal of the proceeding, however laborious or useful they may have been, afford no basis for an allowance.

The words "incurred in connection with the proceeding and plan" seem to contemplate situations resembling those in which persons intervening in suits in equity find themselves and to relate to services "in subordination to, and in recognition of, the propriety of the main proceeding." Equity Rule 37, 28 U.S.C.A. following section 723. In other words, they presuppose services under a proceeding of which the court has retained jurisdiction to the extent of finally ordering a reorganization and not services merely in aid of its overthrow.

We have already intimated that compensation should not be awarded for services which have contributed nothing to a reorganization proceeding but have consisted only of opposing a plan of reorganization that has been ultimately carried out. In re Consolidated Motor Parts (C.C.A.) 85 F.(2d) 579, 581. There would seem to be no better statutory warrant for awarding compensation where the services were in successfully opposing the entire proceeding.

To justify compensation the services must have been "beneficial to the estate in reorganization." In re Paramount Publix Corporation, 83 F.(2d) 406, 407 (C.C.A.2). There is no *"estate in reorganization"* here.

We are referred to the decision of the Ninth Circuit Court of Appeals in Oakland Hotel Co. v. Crocker First Nat. Bank, 85 F.(2d) 959, 961, as an authority contrary to the view we are adopting. There an allowance which had been granted to creditors who had successfully opposed a reorganization was sanctioned on appeal. But the Circuit Court of Appeals did not discuss section 77B(c) (9), 11 U.S.C.A. § 207(c) (9), and said no more than that "the Bankruptcy Act provides for such an allowance." No creditors had consented to the plan there proposed and a majority had expressly refused consent. The proceeding for reorganization in that case was apparently dismissed with the acquiescence of all the creditors so that the compensation allowed was for services in the interest of everyone except the debtor. It may well be doubted whether the Ninth Circuit would go so far as to sanction an allowance in favor of a minority group of creditors which secured the rejection on appeal of a plan that the majority desired, but if so we must with all respect decline to take such a view. Indeed we can discover no warrant in any case for allowing compensation to creditors for services in procuring the final rejection of a petition for reorganization. The interpretation of section 77B(c) (9) adopted by Judge Caffey in Re Manhattan Music Hall (D.C.) 14 F.Supp. 48, seems to us more reasonable.

In the case at bar appellants must resort to their own clients for any compensation they may be entitled to receive. The plan rejected, however indefensible it may have been from a legal point of view, met the wishes of a majority of the creditors and procuring its rejection certainly was not the kind of benefit to the estate, or aid in its administration, for which an allowance may be made in a 77B proceeding at the expense of the general estate.

Order affirmed.