## In re CLARK & WILLOW STREETS CORPORATION.

### No. 29242.

District Court, E. D. New York.

March 2, 1938.

See, also, 21 F.Supp. 43.

Ehlermann & Crawford and Hellinger & Reichart, all of New York City, for promulgating committee.

Simpson, Thacher & Bartlett, of New York City, for debtor.

Herrick & Feinstein, of Brooklyn, N. Y., and John K. White, of New York City, for state mortgage commission.

Hutton & Holahan, of Brooklyn, N. Y., Samuel Markle, of New York City, Eugene F. O'Connor, Jr., of Brooklyn, N. Y., special master.

GALSTON, District Judge.

Applications for allowances have been filed by the following persons in the respective amounts indicated:

When the proceedings herein were initiated, there appeared to be no complication either of fact or of law. The only creditor situation involved was that of the claim of the mortgage certificate holders. There was no other class of creditors. It appeared that the matter might speedily be crystalized into the promulgation and adoption of a plan. Early in the proceedings, unwarranted delays resulted from unsuccessful attempts on the part of minority certificate holders to have the court appoint a trustee rather than to have the debtor remain in possession. Much more delay ensued when on presentation of the plan finally adopted and approved it was necessary to consider abortive alternative plans of reor-

| | | |
|---|---|---|
| Ehlermann & Crawford and Hellinger & Reichert, Attorneys for Promulgating Certificate Holders Committee | For Services<br>Expenses | $17,500<br>1,533.51 |
| Simpson, Thacher & Bartlett | For Services<br>Disbursements | 10,500<br>500.62 |
| Herrick & Feinstein, Attorneys for Fannie Rapport, Percival H. Seward, Leonard J. Holliger | For Services<br>Disbursements | 1,000<br>20 |
| John K. White, Special-Counsel for Mortgage Commission of the State of New York | | 2,000 |
| Hutton & Holahan, Attorneys for Towers Independent Certificate Holders Committee | For Services<br>Disbursements | 1,000<br>803.06 |
| Eugene F. O'Connor, Special Master | | 1,000 |
| Samuel Markle, Counsel for Towers First Mortgage Certificate Holders Committee | For Services<br>Disbursements | 18,500 [1]<br>693.50 |
| Manufacturers Trust Company, As Agent of the Voting Trustees for the Capital Stock of the Debtor | | 58.90 |
| Manufacturers Trust Company, As Transfer Agent of Voting Trust Certificates for the Capital Stock of the Debtor | | 2,532.25 |
| Manufacturers Trust Company | For services in keeping books and records of the debtor from December 1, 1935 to December 31, 1937 | 1,274.42 |

[1] Mr. Markle, on the hearing of the applications, orally reduced the amount applied for to $15,000 for services rendered to his committee.

ganization. None of the plans thus presented by those in opposition to the plan adopted represented any firm offer.

So in the consideration of applications for allowances the court must be governed by the contribution of service of those who participated in the furtherance of the plan adopted; and, of course, rigid adherence must be had at all times to the desire of Congress to administer these' estates with the greatest possible economy.

Section 77B(c) (9) of the Bankruptcy Act, title 11, U.S.Code, § 207(c) (9), 11 U.S.C.A.' § 207(c) (9), provides that the judge "may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor."

■ I see nothing in the act which would justify an allowance to committees or their counsel who unsuccessfully opposed the plan of reorganization adopted, particularly when their efforts effected no substantial modification of the plan proposed.

Accordingly, the applications of Hutton & Holahan and Samuel Markle must be denied.

■ The application of Herrick & Feinstein in effect merely reveals that they cooperated with the Committee of Promulgating Certificate Holders in representation of three named creditors, holding "thousands of dollars worth of certificates." The amount of such representation is not stated. The necessity for representation of individual certificate holders does not appear and I agree with Judge Goddard "That except in very unusual instances, the court should make no allowances from the estate for fees to counsel representing individual bondholders, as that would tend to encourage evil practices." In re De Witt Clinton Co., Inc., D.C., 11 F.Supp. 829. See, also, Straus et al. v. Baker Co. et al., 5 Cir., 87 F.2d 401.

■ The application of John K. White, as special counsel for the Mortgage Commission of the state of New York, presents an unusual situation. The Mortgage Commission of the state of New York, as an official state body, would not be in position to ask for compensation; at least I know of no authority for the granting of any such application if made. Counsel employed by the commission, whether general or special, would appear to be similarly restricted. However, it appears from Mr. White's affidavit that he was retained by the Mortgage Commission of the state of New York as special counsel on the understanding that his compensation was to be in such sum as the court might allow to counsel for the commission. It appears that the Mortgage Commission, in May, 1935, became vested with title to and is in possession of the mortgage herein involved and under the provisions of section 6 of chapter 19 of the Laws of New York 1935, as amended, Unconsol. Laws, § 1756, is charged with the duty of safeguarding the interests of all holders of certificates of participation in the mortgage. Mr. White's services were helpful and he may be allowed the sum of $1,000.

■ The three applications of the Manufacturers Trust Company must be denied since they do not disclose a service rendered "in connection with the proceeding and the plan." Their application so far as it concerns disbursements will be reconsidered, however, if it appears that any incurred therein were in connection with "the proceeding and the plan."

■ There is left for consideration the services performed by attorneys in support and furtherance of the plan. Ehlermann & Crawford and Hellinger & Reichart, as attorneys for the Promulgating Certificate Holders Committee, performed competent service and they should be adequately compensated. They are allowed the sum of $15,000 as fees and $1,533.51 for expenses.

The firm of Simpson, Thacher & Bartlett, as attorneys for the debtor, likewise performed services in furtherance of the plan of reorganization and they will be allowed the sum of $7,500. Their application for reimbursement for expenses incurred is not sufficiently in detail and decision will be reserved thereon pending a detailed statement showing the various expenditures incurred.

■ The application of the special master for $1,000 is granted.

The Promulgating Certificate Holders Committee agreed to serve without compensation and deserves commendation for the services which it rendered.

Settle order on notice.