## In re OLD ALGIERS, Inc.

District Court, S. D. New York.
Sept. 30, 1938.

Cohen & Wedeen and Henry Ettinger, all of New York City, for petitioner Creditors' Committee.

MANDELBAUM, District Judge.

This is an application by counsel to the creditors' committee and the secretary thereof for an order setting a date for a hearing on their applications for allowances to them for services rendered as such. The value of the services alleged to have been rendered by the petitioners is presently not at issue. The question to be decided is whether the court shall grant the petitioners the hearing they request.

The debtor herein filed a voluntary petition to reorganize under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. An order approving the petition as properly filed was signed on April 19th, 1938. On June 3rd, 1938, an order for liquidation of the assets of the debtor was entered in which a temporary trustee was appointed. Thereafter, the said temporary trustee was elected permanent trustee. The estate is still in the course of administration.

The petitioners agree that under the provisions of Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, before the same were amended by the Chandler Bill which was passed by Congress on June 22nd, 1938 and went into effect on September 22nd, 1938, they could not receive any compensation because no plan of reorganization had been approved and an order of liquidation had been entered. In re Manhattan Music Hall, D.C., 14 F.Supp. 48: Matter of Nine North Church Street, Inc., 2 Cir., 89 F.2d 13; Matter of Higgin Mfg. Co., D.C., 19 F.Supp. 120; Matter of 2747 Milwaukee Ave. Bldg. Corp., D.C., 12 F. Supp. 557.

Evidently there must have been some injustice to creditors' committees and their counsel who have labored diligently and earnestly to effectuate a reorganization, to refuse them compensation if a plan of reorganization was not effectuated. The courts recognized this but were powerless to remedy it in view of the wording of the statute. In re Manhattan Music Hall, supra; Matter of Poe, D.C., 1 F.Supp. 658; Matter of Higgin Mfg. Co., supra.

This situation was rectified by Congress, and I quote the pertinent provisions of the Chandler Bill:

"Chapter 10. Section 242 [§ 642].

"The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in connection with the administration of an estate in a proceeding under this chapter or in connection with a plan approved by the judge, whether or not accepted by creditors and stockholders or finally confirmed by the judge—

"(1) by * * * committees or representatives of creditors * * *

"(3) by the attorneys or agents for any of the foregoing * * *." 52 Stat. 900, 11 U.S.C.A. § 642.

See, also, section 246, 11 U.S.C.A. § 646.

It appears also that Congress intended that under certain circumstances the provisions of the new Act should be applied to then pending reorganization proceedings under Section 77B. It did, however, draw a distinction between reorganization proceedings commenced after June 22nd, 1938 and before the effective date of the new Act, September 22nd, 1938, and reorganization proceedings commenced *prior* to June 22nd, 1938. The pertinent provisions of Section 276, 52 Stat. 905, 11 U.S.C.A. § 676, read as follows:

"Section 276(c) [§ 676].

"(1) If the petition in such proceedings was approved *within* three months prior to the effective date of this amendatory Act, the provisions of this chapter shall apply *in their entirety* to such proceedings; and

"(2) if the petition in such proceedings was approved *more than* three months be-

fore the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings *to the extent that the judge shall deem their application practicable;* and * * *" (Italics by the court)

The reorganization proceeding at bar having been commenced more than three months prior to the effective date of the new act, Subdivision c(2) of Section 276, 11 U.S.C.A. § 676, subd. c(2), controls. The petitioners contend that it is practicable for the court to entertain their application for allowances. The reasons upon which they base their contention are not entirely clear. I may assume, however, that they feel aggrieved at the inadequacy of Section 77B in failing to provide compensation to them; that the Chandler Bill has recognized the advisability of compensating committees and their counsel whether a plan of reorganization be approved or not; that in view of Section 276, subd. c(1), 11 U.S.C.A. § 676, subd. c(1), the petitioners may yet retrieve something which they admit they were heretofore not legally entitled to.

Congress has not declared what circumstances would make it practicable for the judge to apply the provisions of the new act to proceedings pending more than three months prior to the new act. Obviously, Congress could not provide for every contingency. What does seem clear to me is that it intended that the provisions of the new act blend with pending proceedings where it would operate to the advantage of creditors and stockholders.

I cannot see that it would result in any such advantage to entertain the present application. If anything, the allowances to counsel for the creditors' committee and the secretary thereof would deplete the estate rather than enhance it. I do not intend to detract from the value or extent of the services claimed to have been rendered by the petitioners. That question, as I stated at the outset, is not before me. I am of the opinion that the words, "to the extent that the judge shall deem their application practicable", embodied in Section 276, subd. c(2), mean practicability only insofar as the application of the provisions of the new act may benefit the estate.

I am constrained therefore to hold that it is not practicable to entertain the application for allowances under the provisions of the Chandler Bill which were not obtainable under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

The application for a hearing on allowances is denied.