### In re MEMPHIS STREET RY. CO.

### CENTRAL HANOVER BANK & TRUST CO. v. MEMPHIS STREET RY. CO.

#### Nos. 11792, 1205.

District Court, W. D. Tennessee, W. D.

July 20, 1939.

Larkin, Rathbone & Perry, of New York City, in pro. per., and for Reorganization Committee.

John T. Shea, of Memphis, Tenn., for debtor company.

MARTIN, District Judge.

For the reasons fully stated in 11 F. Supp. 682, this District Court disallowed fee and expense claims of a Bondholders' Protective Committee (afterwards a Reorganization Committee) in behalf of the committee and its attorneys, in the amount of $57,500 for fees, and many thousand dollars for expenses.

The Court of Appeals, in 6 Cir., 86 F. 2d 891, 895, set aside the order of disallowance of the District Court and remanded for a rehearing, and for findings of fact as to whether the reorganization as effected was "in the interest of the debtor", with such appropriate findings on the questions of compensation, fees, and expenses of appellants, if any, as may be made necessary thereby.

Pursuant to the mandate of the Appellate Court, a rehearing has been held and the District Court has filed today elaborate findings of fact, to the extent of twenty-one typewritten pages. Briefly summarized, this court has found that the bondholders have been placed in a manifestly stronger position of ultimate realization of the value of their investment than they occupied before the confirmation of the reorganization plan; that the Committee and its attorneys, from the inception of this matter and throughout their service in connection with it, were motivated and acted to conserve solely the interest of the bondholders, and were not concerned in the interest of the debtor except insofar as the bondholders were benefited; and that the work of the Committee and its attorneys resulted in the primary and dominant benefit of the bondholders and not the debtor; wherefore, the Committee and its attorneys are entitled to no compensation and no expense allowances from the debtor's assets, on a correct application of the principles declared in 6 Cir., 86 F.2d 891.

Another compelling reason for the rejection of the fees, compensation and expense claims of the Committee and its attorneys developed from the testimony taken on the rehearing.

Dr. Paul H. Saunders of New Orleans, the only one of the five members of the Bondholders' Protective Committee who testified in person, admitted upon questioning by the court that the fees claimed respectively by the attorneys for the Committee, the Receiver and the Debtor Company were agreed upon with the Committee and were filed with the court on the basis of the agreement among the parties who were to receive the compensation.

After the court had read to Doctor Saunders the Act of August 25, 1937, Chapt. 777 of Acts of Congress of 1937, 28 U. S.C.A. §§ 531, 572a, the witness attempted to hedge his admission, by saying that his Committee had merely agreed to "recommend" the fees to the court and not to "fix" them. But, before the court called the statute to his attention, Dr. Saunders had definitely stated that after negotiating with the several sets of attorneys, he reported with his approval the amounts asked, and that the Committee agreed.

He testified:

"I discussed the matter with the Committee, and the Committee felt that the amounts requested were entirely reasonable. There was no further discussion had with the attorneys and no reduction in the fees whatsoever.

"The Court: They were agreed upon? A. Yes, sir.

"The Court: And also the fees claimed by Larkin, Rathbone and Perry? A. Yes, sir.

"The Court: And the claims were filed on the basis of that agreement? A. Yes, sir.

"The Court: And in line with the agreement which you had previously made with them? A. Yes, sir.

"The Court: That is the way the fees were arrived at, was it? A. Yes, sir.

"The Court: Now, Doctor, are you familiar with the statutes of the United States, the statute which was passed in August of 1937, Chapter 777, the Act of Au-

gust 25, 1937?" (The court then read the statute to the witness).

Moreover, it is evident that the Committee arrogated to itself the right to exact an agreement of all attorneys in the case with respect to the fees to be claimed by each of them, and also by the Committee, in accordance with the asserted powers of the Committee in the Bondholders' Protective Agreement of February 16, 1932.

In Section 7, on page 13, of that document, it is provided: "The Committee may employ such depositaries, subdepositaries, counsel, attorneys, engineers, accountants, agents or employees as in its discretion shall be advisable and shall be entitled to a reasonable compensation for its services in such amounts as shall be fixed by the Committee whose determination in that respect shall be final and conclusive."

By the first paragraph on page 8 of the same document, counsel fees are included wherever Committee "expenses" are referred to in the Bondholders' Protective Agreement; and in paragraph numbered eighth, on page 15, a withdrawing bondholder is taxed with "his pro rata share of such sum as the Committee may in its sole and absolute discretion fix as the compensation of the Committee and its expenses."

■ Condemnation by Congress has fallen heavily upon agreements of the character which the record of this rehearing reveals. The fact that the statute was enacted after the agreements among the interested fee claimants were made renders its criminal provisions inapplicable to them; but the present allowance of any of the compensation claimed by the petitioning Committee and its attorneys would constitute a violation of subsection b of the statute.

The Act of Congress of August 25, 1937, Chapter 777, Acts of 1937, Seventy-fifth Congress, First Session, provides:

"(a) It shall be unlawful for any party in interest, or any attorney for any party in interest, in any receivership, bankruptcy, or reorganization proceeding, in or under the supervision of any court of the United States, to enter into any agreement, written or oral, express or implied, with any other party in interest, or any attorney of any other party in interest, in such proceeding for the purpose of fixing the amount of the fees or other compensation to be paid to any party in interest or any attorney of any party in interest in such proceeding, for services rendered in connection therewith when such fees or other compensation are to be paid from the assets of the estate in receivership, bankruptcy or reorganization. As used in this section, the term 'party in interest' includes any debtor, creditor, receiver, or trustee and any representative of any of them.

"(b) It shall be unlawful for the judge of any court of the United States to approve the payment of any fees or compensation the amount of which is fixed as the result of any act declared to be unlawful by subsection (a) of this section.

"(c) Any person who commits any act declared by this section to be unlawful shall, upon conviction, be fined not more than $10,000 or imprisoned not more than five years, or both." 28 U.S.C.A. § 572a.

The fees, compensation and expense allowances claimed by the petitioners are again disallowed.