## FULLER et al. v. MEMPHIS STREET RY. CO. et al.

No. 8489.

Circuit Court of Appeals, Sixth Circuit.

Feb. 15, 1940.

Larkin, Rathbone & Perry, of New York City, for appellants.

John T. Shea, of Memphis, Tenn., for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

The cause being before the court in a summary review upon the original papers in pursuance of Section 250 of the Bankruptcy Act (Chandler Act), 11 U.S.C.A. § 650; and

It appearing that it involves an order of the District Court denying any allowance to a committee of bondholders and its counsel either for services or expenses paid or incurred in making a survey of the capital and debt structure of the debtor with a view to perfecting a plan of reorganization, and for preparing a plan later submitted to the court and approved as fair and equitable to all persons concerned, and which achieved substantial decrease of the secured and unsecured indebtedness of the debtor, substantial reduction in its fixed interest charges, and its restoration to a condition of solvency; and

It further appearing that a previous order made below, to the same effect, was reversed by this court (In re Memphis St. Ry. Co., 6 Cir., 86 F.2d 891), and the cause remanded with directions for further proceedings in conformity therewith; and

It being the view of this court that the court below was in error in finding that the services of the appellants were of no benefit to the debtor, and not in its interest, and was in error in interpreting the reasoning and conclusions of our prior decision; and

578

It further appearing that great delay has already ensued in disposing of the petition for fees and expenses here involved; that no useful purpose would be served in again remanding the case to the District Court; and that the usual considerations which make it inappropriate for this court to act as a court of original jurisdiction in fixing allowances for attorneys and committees in reorganization proceedings, and raise a presumption of soundness in the findings below, are not present since the services were rendered, the reorganization plan perfected, submitted to and approved by the court during the incumbency of a predecessor judge by reason of which this court is as fully advised as to the reasonable value of such services and the necessity for the expenditures, as is the court below, and as to whether or not they were of benefit to the debtor,

Now, therefore, it is ordered:

1. That the members of the Bondholders Protective Committee be each allowed as compensation for his services, the sum of $1,000;

2. That the firm of Larkin, Rathbone and Perry be allowed in full for their services to the Protective Committee the sum of $25,000;

3. That the appellants be allowed the actual expenses incurred or paid by them and each of them in preparation for and in devising, submitting and securing approval of the reorganization plan, as established by the record—the total allowance to the appellants for fees and expenses paid or incurred, to aggregate the sum of $57,280.26.

4. The appellants are to be allowed their taxable costs of appeal in this review as they have already been allowed their taxable costs of appeal by the mandate of our first decision.

It is so ordered.

ALLEN, Circuit Judge, concurs in part with the above order, but thinks that allowance to counsel as compensation for their services should be limited to the sum of $15,000; that no compensation should be allowed to members of the reorganization committee nor for expenses either of counsel or of the committee because, in her view, they were primarily for the benefit of the bondholders and not for the benefit of the debtor nor its estate.