In re PEJEPSCOT PAPER CO.

In re ANDROSCOGGIN WATER POWER CO.

District Court, D. Maine, S. D.

Nov. 20, 1940.

Clement F. Robinson, of Portland, Me., and Shattuck, Bangs & Davis, of New York City, for debtor.

William B. Nulty, of Portland, Me., for Bondholders' Committee.

Numerous counsel for creditors (not mentioned above).

PETERS, District Judge.

The reorganization of these two corporations under 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, actually involved but one proceeding and was treated as such, as one corporation owned the other. The debtors will be referred to together as the Pejepscot Paper Company or the Company.

The petition for reorganization was filed July 10, 1937. The plan of reorganization was confirmed May 27, 1940. The principal property involved is two comparatively small pulp and paper mills with water power on the Androscoggin River, together with holdings of timberland consisting of 67,000 acres in Maine and rights in 91,000 acres in New Brunswick.

Of the only issue of bonds authorized there was outstanding a total of $773,000 of principal with about $112,000 of unpaid interest. Taxes were overdue and the quick assets largely pledged for loans. The capital stock was owned by two individuals.

The Company had been in business many years with an excellent record and was an important asset to the small community where it was located, paying, as it did, forty per cent of the town's taxes and employing four or five hundred men. The esteem in which the Company was held, the cooperation of its workmen with the management, and the desire of all persons interested to keep the industry in operation were factors of some influence in effecting the reorganization.

Upon approval of the petition the debtor was continued in charge of the business and has so remained.

The depression in the pulp and paper business together with considerable damage caused by a flood on the Androscoggin River in 1936 were the principal causes of the Company's troubles.

The principal features of the plan of reorganization were a contribution of $50,000 of new capital by the two stockholders and an extension and easing of the terms of the obligations of the Company. There were many difficulties to be overcome before this could be accomplished however, and, had

not all parties, with the diligent and skilful assistance of counsel, worked persistently and harmoniously for a long time, the disaster of liquidation could hardly have been avoided.

The matter now to be determined is the compensation of counsel for services and expenses, and some other expenses of reorganization.

The matter of counsel fees and expenses asked for will first be considered. They are as follows:

| | | |
|---|---:|---:|
| Clement F. Robinson, attorney for the debtor, asks | | |
| for services | $18,000.00 | |
| for expenses | 590.05 | $18,590.05 |
| | | |
| Shattuck, Bangs & Davis, New York counsel for the debtor, | | |
| for services | 1,500.00 | 1,500.00 |
| William B. Nulty, attorney for bondholders' protective committee, asks | | |
| for services | 7,000.00 | |
| for expenses | 129.56 | 7,129.56 |
| | | |
| Ropes, Gray, Best, Coolidge & Rugg, Boston, attorneys for trustee under the mortgage, | | |
| for services | 2,500.00 | |
| for expenses | 61.15 | 2,561.15 |
| | | |
| Parker & Duryee, New York, counsel for the minority stockholder, asks | | |
| for services | 500.00 | |
| for expenses | 58.00 | 558.00 |
| | | $30,338.76 |

The bill of Mr. Robinson, attorney for the debtor, is made up on an hourly basis, his time being 1,200 hours at $15. per hour.

Messrs. Shattuck, Bangs & Davis rendered services, in New York where the Company had its main office, beginning with the preparation for bringing the petition in 1937 and running down to November 1939. The time spent is not figured into hours but the days and fractions of days charged for make it evident that more than 250 hours in all were spent in services which are the proper subject of compensation.

The bill of Mr. Nulty, attorney for the bondholders' committee, appears to have been made up on a basis of $15 per hour.

The bill of Messrs. Ropes, Gray, Best, Coolidge & Rugg, attorneys for the trustee under the mortgage indenture, is for 176 hours and on a slightly less basis per hour.

The criterion to be used in fixing counsel fees in such cases as this is well understood and has been often stated. Among other things to be considered are the extent and character of the services rendered; the benefit resulting therefrom to the debtor and security holders; the experience and skill required and exercised; the value of the property or the amount of money involved and the consequent responsibility undertaken; and the ability of the debtor to pay.

All counsel in the case are of the highest standing and there can be no question that the time charged for has been spent; that the services rendered were efficiently rendered; that they were required and without unnecessary duplication. The necessity of economy in these administrations, however, makes it necessary to scrutinize the charges in the light of the amount involved in the proceeding, the difficulty of the work and, more especially—in this case—the ability of the debtor to pay.

The figures already given, and others in the record, not necessary to detail, show that the amount of property involved was not large, as reorganizations go, and it is also a fact that there were no extraordinary complexities to be dealt with in working out the plan and no unusual difficulty in bringing all minds together. But even if the amount involved had been larger and the work more difficult, the financial situation of the debtor—its ability to pay—is a feature which, unfortunately for counsel, will necessitate a reduction in the amounts that otherwise might be allowed.

After a hearing, where owners and officers of the debtor corporation appeared in opposition to the charges as made, it appeared that on October 31, 1940, according to the consolidated balance sheet, the quick or current assets of the Company were $742,000 with current liabilities of $405,000. The liabilities included loans of $233,000 procured by pledging current assets. Cash on hand was $11,500. Net profit for the preceding ten months was $36,000.

These figures and others given at the hearing making it obvious that this is not a situation where the court can be liberal with other peoples' money. Quite the reverse. Largely for that reason I feel obliged to make a reduction of about one-third in the amount of fees claimed.

The expenses are allowed as claimed.

The bill of Parker & Duryee I am obliged to reject entirely feeling that I have no authority to pay it for the rea--

son that it represents services rendered to an individual stockholder essentially for the protection of his interest. Teasdale v. Sefton Nat. Fibre Can Co., 8 Cir., 85 F.2d 379, 107 A.L.R. 531; In re Sefton Nat. Fibre Can Co., D.C., 13 F.Supp. 83.

Messrs. Shattuck, Bangs & Davis are excluded from the general discount for the reason that their bill, without any reduction, is on a lower basis than the other bills after the reduction.

■ The bill of the attorneys for the trustee under the mortgage indenture is on a basis slightly less than $15 per hour. The services rendered by them required, perhaps, a higher degree of technical skill and experience than was involved in any other part of the work. In the case of this bill a lump sum reduction of $500 is deemed sufficient.

The urgent necessity for economy and the financial condition of the debtor regardless of other considerations, make this reduction and that of thirty-three and one-third per cent in the other bills necessary.

The bill of the First Portland National Bank, depositary for bonds, of $1,029. 68 is the usual administrative expense of that character charged for on the usual basis and must be paid.

The bill of the Portland Savings Bank, acting for the bondholders, of $106.66 for expenses also should be paid in full. No allowance was made the committee of bondholders and none asked for.

It follows that allowances are made as follows:

| | | |
|---|---:|---:|
| Clement F. Robinson, | | |
| services | $12,000.00 | |
| expenses | 590.05 | $12,590.05 |
| | | |
| Shattuck, Bangs & Davis, | | |
| services | 1,500.00 | 1,500.00 |
| | | |
| William B. Nulty, | | |
| services | 4,666.67 | |
| expenses | 129.56 | 4,796.23 |
| | | |
| Ropes, Gray, Best, Coolidge & Rugg | | |
| services | 2,000.00 | |
| expenses | 61.15 | 2,061.15 |
| | | |
| First Portland National Bank, | | |
| as depositary | 1,029.68 | 1,029.68 |
| | | |
| Portland Savings Bank | | |
| for expenses | 106.66 | 106.66 |

Payments are authorized and should be made accordingly, except that Mr. Robin-

son should be credited with $2,500 previously allowed and paid him on account, and Mr. Nulty with $1,580.63, paid him on account.