## In re WAVERLY FURNITURE CO., Inc.

District Court, N. D. New York.

Nov. 26, 1940.

Robert S. Cohen, of Waverly, N. Y., for creditors.

Francis J. Clohessy, of Waverly, N. Y., for creditors.

Frank A. Bell, of Waverly, N. Y., pro se.

Herbert H. Smith, of Waverly, N. Y., for stockholders and others.

COOPER, District Judge.

This is an application by Robert S. Cohen for an allowance of one thousand dollars for services as attorney for creditors.

The debtor filed its petition for reorganization in June, 1940. The petition was approved and an order made continuing the debtor in possession until the return date, August 9, 1940, for the creditors and parties in interest to show cause why the debtor should not be continued in possession during the reorganization proceedings.

At the hearing on August 9th the attorneys for the creditors objected to the continuance of the reorganization proceedings and offered proof which persuaded the Judge who was hearing that term of the Court to adjudicate the debtor a bankrupt and dismiss the reorganization proceedings.

Attorney Cohen represented $1,400 of creditor claims out of a total of upwards of $50,000, of which about $12,000 were unsecured creditors.

Claimant's statement of services rendered by him is contained in his brief as follows:

"Schedule A. Attached to the petition, shows that I was actively engaged in the proposed reorganization from as early as May 28, 1940, to and including August 10, 1940. There was performed by myself, valuable and necessary service, such as investigation of debtor's condition, conferences with various creditors and Attorneys, detailed communications with creditors, legal study and research, and numerous other labors necessarily incident to a matter of this nature.

"In addition to the work listed on 33 specific days in Schedule A, your petitioner was engaged almost daily during the same period by some matter arising in connection with the Waverly Furniture Company Inc. Moreover, your petitioner travelled from his office to Albany and back, a distance of about 375 miles, for the purpose of opposing debtor's petition in the United States District Court.

"There was carried by myself the burden of protecting the interests of the unsecured creditors, which was and is, the class most vitally interested in the reorganization and bankruptcy."

The claimant here did not prepare the petition in reorganization and was not the attorney for the debtor in reorganization. Whatever time he spent in the service he rendered apparently not in behalf of reorganization because he appeared in Court on August 9th and opposed the continuance of the reorganization proceedings. It would appear therefore that such services as he rendered were for his client and not in the aid of reorganization proceedings.

It is conceded that an attorney in such a position would not be entitled to any allowance under the reorganization proceeding as the law stood prior to the Chandler Act effective in September 1938. In re Nine North Church Street, 2 Cir., 89 F.2d 13.

The claimant claims that by amendment to the bankruptcy act effective September 22, 1938, the Court may make allowance for services of attorneys who oppose reorganization. It is claimed that such authority is contained in Title 11 U.S.C.A. Chapter 10, §§ 642, 643, and 646. To support his view the claimant cites In re Lambertville Rubber Company, D.C., 27 F.Supp. 897; In re Old Algiers, Inc., D.C., 25 F.Supp. 509, reversed in 2 Cir., 100 F.2d 374.

An examination of the Old Algiers case, both in the District Court and the Circuit Court of Appeals shows that the only question passed on there was the right to apply for allowance in a case begun more than three months before the amendment to the Chandler Act, effective September 22, 1938.

The Lambertville case also only decides that the Chandler Act Amendment was applicable to that particular case, which was pending more than three months before the Chandler Act became effective. The Court decided in that case that all the facts should be heard and directed that it be sent back to the referee, if application was pressed.

Section 642 provides that:

"The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in connection with the administration of an estate in a proceeding under this chapter or in connection with a plan approved by the judge, whether or not ac-

cepted by creditors and stockholders or finally confirmed by the judge—

"(1) by indenture trustees, depositaries, reorganization managers, and committees or representatives of creditors or stockholders;

"(2) by any other parties in interest except the Securities and Exchange Commission; and

"(3) by the attorneys or agents for any of the foregoing except the Securities and Exchange Commission."

Section 643 empowers the Court to make allowances for services rendered in connection with objections by them to the confirmation of a plan or in connection with the administration of an estate. It further provides:

"In fixing any such allowances, the judge shall give consideration only to the services which contributed to the plan confirmed, or to the refusal of confirmation of a plan, or which were beneficial in the administration of the estate."

Section 646 says that:

"Upon the dismissal of a proceeding under this chapter, or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal * * * as provided in this chapter, and shall make provision for the payment thereof."

It is difficult to see how the claimant comes within any of the provisions of any of these sections. Section 646 is merely an empowering section. Section 642 limits allowances to services rendered in connection with the administration of the estate or "in connection with a plan approved by the judge" whether confirmed or not.

Section 643 limits the allowances to attorneys "in connection with the submission by them of suggestions for a plan or of proposals in the form of plans, or in connection with objections by them to the confirmation of a plan, or in connection with the administration of the estate."

This claimant rendered no services in the administration of the estate or in the reorganization proceedings and his sole object after the proceedings were begun was apparently to defeat the reorganization proceedings and procure an adjudication in bankruptcy. No plan was presented. No suggestions for a plan were presented and no objections were made to the confirmation of the plan presented.

Nothing appears in the claimant's services which would bring him within the provisions of this section or entitle him to an allowance.

It is the duty of the Court therefore, to deny the application for an allowance which would need to be paid out of the estate. If the Court granted an allowance to this attorney it could not refuse to grant an allowance to other attorneys who rendered services, in part at least, of exactly the same kind. Indeed, it appears that one of the grounds upon which adjudication was asked was that neither the debtor nor anyone else had presented a plan of reorganization at the time of the hearing on August 9th.

Motion is denied without costs.