In re A. HERZ, Inc.

PENNISH v. A. HERZ, Inc., et al.

COHEN et al. v. SAME.

Nos. 5559, 5560, 5625, 5626.

Circuit Court of Appeals, Seventh Circuit.

Jan. 31, 1936.

Lewis E. Pennish and Maxwell J. Rashbaum, both of Chicago, Ill., and Ralph Bamberger, Isidore Feibleman, and Julian Bamberger, all of Indianapolis, Ind., for appellants.

Louis Hilleary and Wilson N. Cox, Jr., both of Terre Haute, Ind., for appellees.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellants challenge the correctness of an order of the District Court disallowing fees to certain creditors' committees and attorneys growing out of a reorganization proceeding under section 77B of the

Bankruptcy Act, as amended (11 USCA § 207), in the matter of A. Herz, Inc., an Indiana corporation. Two of the appeals were allowed by the District Court and two were authorized by this court, all being consolidated for hearing.

The corporate debtor was engaged in the general mercantile business at Terre Haute, Ind., and at the time of the institution of the proceedings herein had some eight hundred creditors scattered throughout the United States, with claims aggregating in excess of $200,000. With the exception of one substantial claim for rent, they were largely merchandise claims.

A group of Eastern creditors, for the better protection of their interests, organized a committee, known as the New York or Eastern creditors' committee, and employed as their counsel Edward B. Levy of New York and Bamberger and Feibleman of Indianapolis. Another group of creditors represented by Apparel Manufacturers' Association (a Chicago organization which supplies its patrons with credit reports) also formed a committee for the protection of their interests and employed as their counsel Pennish and Rashbaum of Chicago.

The original petition for reorganization was filed by Pennish and Rashbaum on behalf of certain of these creditors, which, on hearing, was held not to have been filed in good faith within the meaning of section 77B, supra. A few days later a voluntary petition for reorganization was filed by the corporate debtor and subsequently two plans of reorganization were submitted for consideration, the one sponsored by the corporate debtor and the other by certain stockholders. Two discordant groups had arisen among the stockholders of the corporate debtor, the one known as the Failey interests and the other the Joseph interests and this lack of accord manifested itself in support of the two respective plans. By leave of court each of the plans was subsequently amended and, as amended, the Failey plan proposed a payment of forty cents on the dollar to all creditors and the Joseph plan proposed a payment of 41 cents on the dollar.

Many conferences ensued in the consideration of these plans, some creditors and their attorneys supporting one plan and some the other; the individual members of the two creditors' committees were in some respects at cross-purposes and divided in their support of the two plans, but the so-called Failey or Debtor's Plan ultimately prevailed and was approved by the court.

The New York or Eastern creditors' committee has asked for an allowance to it of $500 as its fees and $172.76 for its expenses. Its attorney, Edward B. Levy, asks for the sum of $750 as his fees and $37.79 for his expenses. Its attorneys, Bamberger and Feibleman, ask for the sum of $750 as their fees and $4.25 for their expenses. Pennish and Rashbaum, attorneys for another group, ask for their services the sum of $3,500 and for their expenses the sum of $344.15.

Other fees, not now under consideration, were allowed by the court as a part of the expenses of the reorganization proceeding, but the foregoing items were disallowed by the court on a finding that they had been incurred by the claimants in the interest of their own clients and had not inured to the benefit of the trust estate.

Subsection (9) of paragraph (c) of section 77B (11 U.S.C.A. § 207 (c) (9), provides that the court "may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor."

This language, while very general, must have some reasonable relation to the scheme and purpose of the reorganization and the necessary work in connection therewith. A very broad discretion is lodged in the chancellor in the allowance and fixing of fees and he must ever be alert lest a reorganization inure to the benefit, not of the distressed debtor and its creditors, but only to those engaged in saving it. The discretion thus lodged by statute in the court must be exercised with judgment and with the double purpose of doing equity to those distressed and at the same time rewarding faithful and necessary service with reasonable compensation.

It is sometimes difficult for a chancellor to draw a distinct line of demarcation between that service rendered in connection with the reorganization proceeding and that service which may be said to be strictly in the interest of an individual or a group of individuals. It is not unusual for creditors to associate themselves together

in support of their common interest, and it is entirely conceivable that such a committee may in one instance and under some circumstances contribute a service to the reorganization that may be properly compensable as costs of the reorganization, and in another instance and under different circumstances perform a service that may more properly be charged to others more directly benefited.

Appellant attorneys say that they made no charge for their services to the creditors' committee, but informed them that compensation would be fixed by the court and add: "It is only reasonable that the members of the legal profession understand when retained by a Committee to serve it in reorganization whether such service is to be compensated by the trust or by the individual clients." We answer that nothing the court might say in the instant case would afford any justifiable basis for the expectation that attorneys and committees in any given case would or would not be compensated for their services from the trust estate. It is idle to 'assure the court that they have no arrangement for fees with their clients as we have no occasion to question their truthfulness or sincerity in this respect, but it contributes nothing in aid of the court's problem. The statute defines the groups that *may* be compensated, but this in no sense is to be construed as meaning *shall* be compensated. It is not every service that may in some remote degree contribute to the general welfare of the proceeding that the court is bound to compensate under this section of the statute. If it were, the very purpose of the statute would in many cases be frustrated. Every case must stand upon its own bottom and is subject to the exercise of a sound judicial discretion by the trial court, subject to review in the event of abuse.

That appellants performed services is not challenged and neither is the reasonableness of their charges. The trial court has found, however, that they are not services requiring payment as a part of the expense of reorganization, but have been in behalf of their own clients. An examination of the record discloses support for the court's conclusions. It would serve no useful purpose to enter into a discussion of the evidence showing the various activities of claimants in behalf of the creditors they represented. We believe that their claims have had intelligent considera-

tion by the trial court and no abuse of the discretion in that court lodged has been shown.

The order is affirmed.