## In re CONSOLIDATED MOTOR PARTS, Inc., et al.

### No. 443.

Circuit Court of Appeals, Second Circuit.

Sept. 16, 1936.

Louis I. Rothenberg, of Brooklyn, N. Y. (Samuel J. Sussman, of Brooklyn, N. Y., of counsel), for appellant.

I. Bregoff, of New York City (David J. Orgain, of New York City, of counsel), for debtor-appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying compensation to an attorney who represented certain creditors of the debtor to the amount of approximately $5,000 in a proceeding begun by the latter under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

In April, 1935, the debtor had entered into an agreement with its merchandise creditors whereby those creditors (hereinafter designated as "old creditors") agreed to waive payment of their claims in favor of merchandise creditors who thereafter extended credit (designated as "new creditors").

On May 23, 1935, the debtor filed a petition for reorganization, and thereafter orders were made allowing it to remain in possession and operation of its business. The debtor prepared, and on August 14, 1935, filed a plan of reorganization under which the "old creditors" were to receive 10 per cent. in cash, and new merchandise creditors, holding claims arising between April, 1935, and May 23, 1935, and claims arising out of the business conducted under the section 77B proceeding and non-merchandise creditors were to receive 10 per cent. in cash and 90 per cent. in bonds secured by a trust mortgage upon the debtor's machinery. The appellant, who represented "old creditors," objected to this plan, principally on the ground that it unfairly discriminated in favor of the "new creditors." The plan was rejected, though approximately 75 per cent. of all classes of creditors had consented to its adoption. Thereafter a new plan was filed by the debtor which provided for equal payments of 10 per cent. in cash and 35 per cent. in corporate bonds to all creditors. At the same time Davis Laboratories, Inc., one of the new creditors, proposed an alternative plan under which all creditors were to receive 10 per cent. in cash and 35 per cent. in bonds, but the old creditors were to give up to the new merchandise creditors so much of their bonds as might be necessary to make whole the new merchandise creditors. The appellant filed specifications of objections to the alternative plan as discriminatory, but stated his concurrence in the new plan proposed by the debtor which was thereupon approved by the court. At the time of the filing of the section 77B petition, the claims of the "old creditors" amounted to $63,054.27, those of the "new creditors" to $23,761.76, and those of the non-merchandise creditors to $19,247.70. Assuming that the 35 per cent. payable in bonds be realized, the "old creditors" will receive about $22,000 · more under the amended plan of the debtor than under the one originally proposed. The appellant sought compensation for contributing to this result and for substantially promoting the acceptance of a plan beneficial to the "old creditors." His petition was denied by the court below on the ground that his efforts did not benefit the estate as a whole.

The application for compensation is governed by subsection (c) of section 77B of the Bankruptcy Act· (11 U.S.C.A. § 207 (c), which so far as pertinent is as follows: "(c) Upon approving the petition or answer or at any time thereafter the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him, * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily."

The appellant was an attorney for creditors and as such may be allowed compensation for "services rendered * * * in connection with the proceeding and

plan." If he had been counsel for a creditors' committee and had rendered substantial services in preparation of a plan of reorganization, he would have come within a familiar category. That he did not represent a large proportion of the creditors and that he assisted in bringing about the plan finally adopted by objecting to the discriminatory features of the original and alternative plans did not, in our opinion, deprive him of a right to compensation. He rendered no less important services "in connection with the * * * plan" adopted though they were performed in court in assailing the plans first proposed, rather than in working with a committee upon a plan prior to its presentation in court. In the present case he seems to have been the very person who brought about the non-discriminatory plan which finally prevailed. In doing this, we think that he rendered substantial services "in connection with the proceeding and the plan" within the meaning of section 77B (c) (9). If he had merely done work in opposing a plan that substantially prevailed, he would hardly have been entitled to compensation from the estate.

The services by appellant in connection with a plan of reorganization which will justify an allowance from the estate under section 77B must have contributed in some substantial way to the plan finally adopted, and in nearly all cases the decision of the District Court that they have not been sufficiently important or direct to deserve an allowance must be regarded as final. But here the appellant contributed to the final adoption of the plan, and the justice of the plan does not seem to be questioned. Under such circumstances, and in spite of the broad discretion lodged in the District Court, we see no reason for depriving him of all compensation for his contribution to a plan that will enable the debtor to become rehabilitated and resume business. Section 77B (c) (9), 11 U.S. C.A. § 207 (c) (9), appears to empower the court to award compensation to those persons who substantially contribute to a plan of reorganization. The creditors as a whole are interested in having some workable plan adopted, and the mere fact that work which has substantially aided the plan finally approved has been performed by an attorney for creditors or stockholders owning interests adverse to some of the other parties, does not necessarily deprive him of compensation. The question is whether the work in connection with the plan has been performed in good faith and has substantially contributed to the result finally achieved.

It might be suggested that the Circuit Court of Appeals of the Seventh Circuit, in Re A. Herz, 81 F.(2d) 511, denied compensation to counsel for two creditors' committees under circumstances closely resembling the present; but we do not read the opinion in that case as so holding. It does not appear that those committees or their counsel substantially assisted in the formulation of the plan that was finally adopted. Indeed, the court stated that the "Debtor's Plan ultimately prevailed and was approved by the court." 81 F.(2d) 511, at page 512. Briggle, J., who wrote the opinion, said at page 513 of 81 F.(2d): "It is not every service that may in some remote degree contribute to the general welfare of the proceeding that the court is bound to compensate under this section of the statute. If it were, the very purpose of the statute would in many cases be frustrated. Every case must stand upon its own bottom and is subject to the exercise of a sound judicial discretion by the trial court, subject to review in the event of abuse."

Our decisions in Nolte v. Hudson Nav. Co., 47 F.(2d) 166, and In re New York Investors, 79 F.(2d) 182, involved claims to compensation from an insolvent estate on the part of attorneys for creditors or stockholders who had appeared in an equity receivership. In each case compensation payable out of the estate was denied under the settled equity practice. But section 77B (c) (9) allows somewhat broader discretion in awarding compensation than was assumed by courts of equity especially in respect to matters affecting the plan of reorganization. We think that whether an award should be made under section 77B depends on the amount of assistance that has been rendered by the persons mentioned in subdivision (c) (9) in working out the plan that has finally been adopted.

It must be remembered that the interest which the appellant represented was small and that the benefit which accrued to the other "old creditors" did not come to them at their request. Accordingly

his compensation, though payable out of the estate because his services aided in promoting the plan finally adopted, must bear some fair proportion to the amount of the claims he has represented. In view of all the circumstances, we think $500 a fair allowance for the appellant's services. We fix the award, instead of referring the matter to the District Court, in order to expedite the administration of the estate.

The order is reversed, with costs to the appellant of this appeal, and the proceeding is remanded, with directions to allow him $500 as his compensation, payable out of the debtor's estate.