**In re LONG ISLAND PROPERTIES, Inc.**

**ECKERT et al. v. CASPERS et al.**

No. 370.

Circuit Court of Appeals, Second Circuit.

June 25, 1945.

See, also, 149 F.2d 409.

Emanuel A. Stern, of New York City, for appellants.

Richard K. Gregory, of New York City, for appellees trustee and his attorneys.

Abner H. Silverman, of New York City, for appellee administratrix of Henry H. Silverman's Estate.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal by several creditors of the debtor in reorganization from allowances awarded to the trustee and his attorneys, and Henry H. Silverman, now deceased, attorney for the petitioning creditors. The nature of the reorganization proceedings and of the plan which the court confirmed is described in a prior appeal, Country Life Apartments v. Buckley, 2 Cir., 145 F.2d 935, and need not be repeated. The trustee was appointed August 5, 1941 and he and his attorneys rendered extensive services for nearly four years without any interim allowances. In their applications for compensation the trustee asked for $30,000, his attorneys for $60,000, and the petitioning creditors' attorney for $30,000. The district judge allowed the applicants respectively $20,000, $41,000 and $10,000. After payment of the fees al-

lowed there will remain in the hands of the trustee for distribution sufficient to pay unsecured creditors approximately 68% and mechanics' lien creditors 78% of their claims. The appellants urged below, and repeat the claim here, that the fees allowed should be only $11,000 for the trustee, $12,500 for his attorneys and $5,000 for Mr. Silverman.

This appeal presents nothing but the appellants' assertion that the district judge abused his discretion in failing to accept their valuation of the appellees' services. The district judge has been in charge of the reorganization proceedings from their start, was familiar with the character of the appellants' services and has expressed the view that the success of the reorganization is due to the industry and wisdom of the trustee and his attorneys. The record before us indicates that this was true. Neither facts nor arguments have been presented which would justify us in holding that the sums allowed were unreasonable compensation for the services rendered and the results accomplished. As remarked in Gross v. Bush Terminal Co., 2 Cir., 105 F.2d 930, 932, "It is seldom our custom to disturb the decision of the district court in such matters."

Order affirmed with costs to the appellees.