## In re REALTY ASSOCIATES SECURITIES CORPORATION.
### No. 315, Docket 20277.

Circuit Court of Appeals, Second Circuit.
July 11, 1946.

Hooker, Alley & Duncan, of New York City (James B. Alley, of New York City, of counsel), for Realty Associates Securities Corporation, debtor.

Root, Ballantine, Harlan, Bushby & Palmer, of New York City (William P. Palmer, Irving L. Schanzer, and L. Robert Driver, Jr., all of New York City, of counsel), for appellant, Consolidated Realty Corporation.

Newman & Bisco, of New York City (Perry A. Hull, of New York City, of counsel), for appellant Manufacturers Trust Company and pro se.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Julius Silver, of New York City, Lloyd B. Kanter, of Brooklyn, N. Y., and Bernard D. Cahn, of Washington, D.C., of counsel), for Bondholders' Protective Committee and for appellants Lewis, Marks & Kanter and Julius Silver.

Herrick & Feinstein, of Brooklyn, N. Y., pro se.

Percival E. Jackson, of New York City (Theodore N. Tarlau, of New York City, of counsel), pro se.

Joseph R. Margulies, of New York City, pro se and for appellees Ernestine Needles and others, bondholders.

Archibald Palmer, of New York City, pro se.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. We think the services for which the lower court allowed compensation were, as it held, rendered "in connection with the administration of an estate" (see § 242), and were "beneficial in the administration of the estate" within the meaning of § 243. These services surely were connected with the administration. Also, they were "beneficial"; an estate, under Chapter X, is administered primarily for the creditors; and administration which aids in bringing about full payment of all creditors, while leaving the debtor with an equity, is patently beneficial to the estate.

Accordingly, we need not and do not consider these alternative suggestions:[1] (a) The dismissal order was, in legal effect, approval of a plan, an approval brought about by the services in question. (b) Debtor's motion for dismissal was a motion for leave to discontinue which the court could properly grant on condition that the debtor pay for those services, pursuant to Federal Rules of Civil Procedure, rule 41, 28 U.S. C.A. following section 723c, and General Order No. 37, 11 U.S.C.A. following section 53.[2]

■ 2. The trial judge found the services not needlessly duplicative. As no abuse of discretion appears, we will not disturb his judgment.[3]

■ 3. The Bondholders' Protective Committee and its counsel rest their appeal in large part on the failure to pay them for services rendered before the debtor filed its petition. As these services consisted chiefly of successful pre-petition efforts to induce bondholders not to accept debtor's pre-petition proposal, we think they were not directly beneficial to the estate. In re Ulen & Co., 2 Cir., 130 F.2d 303. On the facts, we see no reason to disturb the judge's conclusion as to the worth of the compensable services either of the com-

---

[1] In not considering them, we are not to be understood as holding them without merit.

[2] Although we need not and do not adopt it, we confess that we have much sympathy with the following suggestion made in the brief of Herrick and Feinstein, appellees: "Through the medium of the proceeding initiated by the Debtor, a solvent corporation which only required additional time to refinance its obligations, procured such time for a period of eighteen months. It is ridiculous to suppose, that having gained all the time it needed and having been afforded the protection of the court against the dissipation of its assets through forced liquidation, it should be relieved from the burden of paying the costs and expenses which would have been an obligation of the estate had further time been required and obtained through a proposed plan of reorganization."

[3] In re Long Island Properties, Inc., 2 Cir., 150 F.2d 313.

mittee or its counsel. There is more room for doubt about the amounts awarded for the services of Manufacturers Trust Company, the indenture trustee, and its counsel. Nevertheless, since the judge, in charge of the proceedings, was familiar, as we are not, with the actual work done and therefore far better able to appraise it than we can from mere study of the paper record, we are unwilling to disturb his conclusion.

Affirmed.