**NEWMAN & BISCO et al. v. REALTY AS-
SOCIATES SECURITIES CORPORA-
TION et al.**

No. 177, Docket 21230.

United States Court of Appeals
Second Circuit.

March 16, 1949.

On Rehearing April 8, 1949.

William P. Palmer, of New York City (Root, Ballantine, Harlan, Bushby & Palmer, of New York City, on the brief for appellant Consolidated Realty Corp., and Hooker, Alley & Duncan and James B. Alley, all of New York City, on the brief for appellant Realty Associates Securities Corp.), for appellants.

David Barnett, of New York City (Newman & Bisco, of New York City, on the brief), for Manufacturers Trust Co., as indenture trustee, and pro se.

Bernard D. Cahn, of New York City (Lewis, Marks & Kanter, of Brooklyn, N. Y., and Julius Silver, of New York City, on the brief), for appellees Bondholders' Protective Committee and Lewis, Marks & Kanter and Julius Silver.

Percival E. Jackson, of New York City (Theodore N. Tarlau, of New York City, on the brief), for appellee Percival E. Jackson, pro se.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

CLARK, Circuit Judge.

On petition of a debtor in reorganization and its sole stockholder pursuant to Bankruptcy Act, § 250, 11 U.S.C.A. § 650, we agreed to review these allowances to representatives of various creditors in order that we might examine both the legality and the reasonableness of the awards made. The proceeding in reorganization was unique in that after about a year and a half it was dismissed, save for the settlement of certain reserved questions and the making of allowances, upon the payment by the debtor of its debts in full by funds advanced by its sole stockholder, a subsidiary of the Reconstruction Finance Corporation. For earlier activities in the proceeding the present appellees were awarded various amounts totaling $51,000 fees and $2,596.67 expenses, and these awards were affirmed by us. In re Realty Associates Securities Corp., 2 Cir., 156 F.2d 480. Their present claims, which were for additional allowances in all of $52,000, plus expenses, resulted in actual awards of $36,800 in fees and $3,800.22 in expenses.

The services for which allowances are now being sought were rendered in the litigation in the district court and here of two matters, which are conveniently distinguished by the parties as the "guaranty" question and the "interest" question. As to the first, the debtor acknowledged its liability upon certain indenture bonds issued by it, but as to a certain sum, $128,305.52, asked for a determination whether under the circumstances it owed the amount to its bond creditors, represented by the appellees herein, or as a return to its guarantor, New York Investors, Inc., of which Lulu R. Kelby was trustee. In Kelby v. Manufacturers Trust Co., 2 Cir., 162 F.2d 350, we affirmed Judge Moscowitz' decision, In re Realty Associates Securities Corporation, D.C.E.D.N.Y., 66 F.Supp. 416, awarding the fund to the bond creditors. The second concerned the interest rate to be paid by the debtor on its unpaid bonds after their maturity date, whether at the rate stated in the original indenture of 5 per cent or at the legal rate of 6 per cent. Our decision—with the writer hereof dissenting—was against the bondholders, thus sustaining the debtor's appeal for the lower rate against the decision of Judge Moscowitz, 66 F.Supp. 416, for the higher rate. In re Realty Associates Securities Corp., 2 Cir., 163 F.2d 387. These appellees sought certiorari for the various interests they represent, but their several petitions were denied. Manufacturers Trust Co. v. Realty Associates Securities Corp., 332 U.S. 836, 68 S.Ct. 218.

These petitions for allowances did not come before the district court until after the death of Judge Moscowitz, who,

as the judge in charge, was the only judicial officer of the court below thoroughly familiar with the prosecution of the litigation in question. The district court referred the present issues to a special master for hearing and report. The master's report recommending the allowances in question was accepted in full by the court. Even though the original judge had died we see nothing to be gained by the reference, which is contrary to the admonition of the rules, Federal Rules of Civil Procedure, rule 53(b), 28 U.S.C.A., and the precedents. Ira S. Bushey & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9, 17, certiorari denied W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, 335 U.S. 816, 69 S.Ct. 36; In re Irving-Austin Bldg. Corp., 7 Cir., 100 F.2d 574, 577; Adventures in Good Eating v. Best Places to Eat, 7 Cir., 131 F. 2d 809, 814, 815; McCullough v. Cosgrave, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992. The debtor has not appealed, however, from the order of reference or from the allowances made the master. The master has found, and the court has accepted the findings, that the services were reasonable and proper, were not duplicative, and were reasonably worth the sums allowed. We are constrained to disagree in several important respects and feel justified in relying upon our own observations; for we personally heard these previous appeals and, unlike the court and master below, each of us can say "quæque ipse miserrima vidi et quorum pars magna fui."[1] We think the services were duplicative and excessive. But before we reach that point we must decide whether any allowances should be made, i. e., whether the services were rendered in connection with either the administration of the estate or a plan approved by the judge within the meaning of the governing statute, 11 U.S.C.A. § 642.

In making the allowances the master and the district court did not distinguish between the two issues or allot definite amounts for the services performed by the several groups of claimants on each issue. Of the allowances made, $25,000 went to Newman & Bisco, attorneys for Manufacturers Trust Company, the indenture trustee; $300 to the Bondholders' Protective Committee, and $7,500 to its attorneys, Lewis, Marks & Kanter and Julius Silver; and $4,000 to Percival E. Jackson, attorney for Vanneck Realty Corporation, a bondholder. We shall find it necessary to distinguish between the two issues, because we think the governing principles are different.

■ So far as the guaranty issue is concerned, we have already indicated a belief that the debtor here should pay the expenses of settling it. At page 353 of 162 F.2d we said that this, unlike a creditor's claim pure and simple, was a case where the debtor had admitted liability to one party or the other and that title to the fund must be determined before the estate could be wound up. "That the debtor might have resorted to interpleader and thus avoided the cost of the proceeding is immaterial; for reasons it deemed sufficient, it resorted instead to a proceeding in reorganization. Costs must be governed by the provisions governing it." We see no occasion to change this view. The debtor had sought this means of establishing the identity of the persons to whom it should make payment and the reasonable and proper costs of so doing are properly chargeable to it.

■ The situation is otherwise as to the interest question. In Warren v. Palmer, 2 Cir., 132 F.2d 665, 668, we held—in connection with a railroad reorganization, but drawing analogies from the general law—that allowances to creditors for services going only to the establishing of their own claims were not justified. We said that a ruling making such allowances would encourage claimants "to fight tooth and nail to their last unsubstantial contention." We have reiterated this position more lately in Manhattan Co. v. New York, New Haven & Hartford R. Co., 2 Cir., 171 F.2d 482, 484, where we pointed out that, while allowances in adjusting the status of a claim in order to proceed with the adoption of a plan may be granted, citing also In re Consolidated Motor Parts, 2 Cir., 85 F.2d

---

[1] Virgil, Aeneid, Bk. 2, lines 5, 6. Compare the Fairclough translation, 1916; "The sights most piteous that I myself saw and whereof I was no small part."

579, yet that "it will be a rare occasion in which futile opposition to a step in the reorganization proceeding may be regarded as a legitimate cost of administration." We also pointed out that a claim for legal services to establish a charge against the debtor would not be recognized. We think it clear, therefore, that the claims for services in the unsuccessful attempt to require the debtor to pay increased interest on the creditors' claims are not allowable under the reorganization statute cited above.

This disposes of the claims with respect to the interest question of all the parties herein except Newman & Bisco, the attorneys for the indenture trustee. They make an additional claim based on the provision of the original bond indenture as follows: "The Trustee shall be entitled to reasonable compensation for all services rendered by it in the execution of the trusts hereby created, including reasonable counsel fees for the services of counsel in connection with the execution of such trusts, and the Company hereby agrees to pay such compensation, as well as all expenses in its discretion necessarily incurred or disbursed by the Trustee hereunder." The indenture goes on to provide that the amount unpaid for any such compensation or expenses shall be a lien upon all moneys collected under the indenture prior to the bonds themselves.

■■ The preliminary question whether or not the bankruptcy court has jurisdiction to make awards in enforcement of this provision would seem to be settled in the affirmative by Leiman v. Guttman, 69 S.Ct. 371, where, indeed, the majority appear to have gone somewhat beyond the point before us, which involves only fees payable by the debtor and from its estate, to uphold adjustment of fees between other groups. Here the court in dismissing the reorganization proceeding had reserved jurisdiction to consider all fees and allowances reasonably due the indenture trustee and its counsel, and had provided for the setting up of a reserve fund for the payment of allowances. Assuming such jurisdiction, therefore, we must conclude that the indenture trustee's decision to make claim for the additional interest from the debtor can hardly be considered an abuse of discretion in view of the broad grant to it seemingly intended by the indenture provision above quoted. Indeed its contention was sufficiently persuasive to win the support of the Securities and Exchange Commission, the district judge, and one judge in this court. See also 61 Harv.L. Rev. 352. It necessarily follows under the provision that the trustee is entitled to reimbursement for reasonable counsel fees and expenses incurred in this litigation.

■ We are therefore brought to the issues raised by appellants' criticism of the amounts of the awards. On each of the problems the Securities and Exchange Commission supported the creditors' position in clear-cut and effective briefs and arguments. This of course should not foreclose the parties from making their own presentation, but it does suggest a question as to the need of three additional repetitive and extensive briefs and arguments to the same effect from the three groups of interests here represented. If the Commission could adequately present the points in 25- and 27-page briefs, we are hardly convinced of the need of 93- and 140-page briefs from counsel; nor do we view this as effective presentation in view of our oft-reiterated preference for terse and concise presentation and our court rule against long briefs.[2] Some allowance should be made for the additional points attempted by some of the counsel, though these did not impress us at the time. Even so, both the length and the duplication of the arguments seem to us to have gone beyond all reasonable grounds.[3] The guaran-

---

[2] The guaranty appeal also involved a question of master's fees, covered in the Commission's 25-page brief, but requiring an additional 20-page brief from the Bondholders' Protective Committee. Newman & Bisco, for the indenture trustee, devoted 57 pages to the guaranty issue, and 96 pages to the interest issue. On the proceedings for certiorari on the interest question, the Commission presented 18 pages to the Supreme Court as against 95 contributed by the others, 66 by Newman & Bisco alone.

[3] That the finding of lack of duplication for the earlier general services

ty question was not difficult. While the interest question was harder to answer, its presentation did not involve complications. Both were clean-cut issues of law. They should have been presented as such.

Holding these views we are compelled to reduce the fees, in the instances allowable, to those we consider reasonable under the circumstances, following our usual practice (instead of reversing for further hearings), as in, e. g., In re Consolidated Motor Parts, supra, 2 Cir., 85 F.2d 579, 582. We fix the awards, therefore, as follows: To Messrs. Newman & Bisco, as attorneys for the indenture trustee, $2,500 for services with respect to the guaranty issue and $7,500 with respect to the interest issue. We do not disturb the award to them of $2,975.69 for reimbursement of expenses as to both issues [4] or the further reimbursement to the trustee of costs paid on the interest appeal; though, for reasons stated, the briefs were unduly long, we shall not stop to review the double discretion of the trustee under the indenture and the court below, since the costs were actually incurred and we lack information as to printing charges we might believe more proper. Notwithstanding some doubts, we shall not disturb the small award—$300—to the Bondholders' Protective Committee. Messrs. Lewis, Marks & Kanter and Silver are awarded $2,500, and Mr. Jackson $2,-500, each for fees on the guaranty question also. They likewise receive reimbursement for their expenses in connection with this question. In Mr. Jackson's case this will be $25.28, instead of $147.95 allowed below. Messrs. Lewis, Marks & Kanter and Silver, who were awarded $676.58 for expenses, did not present a breakdown showing the amount properly to be attributed to each issue. Appellants have suggested $350 as an over-all reasonable figure, which we accept and allow in place of the amount allowed these gentlemen for expenses below. No costs will be taxed in this court.

Modified, as directed above.

On Petitions for Rehearing and Application of Appellant Consolidated Realty Corporation as to Costs on Former Appeal.

PER CURIAM.

The petitions of Sydney R. Newman and others and of Percival E. Jackson for rehearing are denied.

The application of appellant Consolidated Realty Corporation for modification of the order with respect to costs on the former appeal concerning interest on bonds is denied. Our refusal to "disturb * * * the further reimbursement to the trustee of costs paid on the interest appeal" necessarily left unchanged the adjustment of that issue made by the court below. The record discloses no real or equitable basis for apportionment of the appellate costs among the then losing appellees, and exoneration of the trustee from this joint obligation requires the full reimbursement ordered below and here affirmed.

---

was sustained, In re Realty Associates Securities Corp., supra, 2 Cir., 156 F.2d 480, should have been perhaps a warning against pressing the matter overfar, rather than authority for further excursions in the same direction.

[4] $497.03 on the guaranty appeal; $2,478.66 on the interest appeal.