**SCRIBNER & MILLER and Paul Emery Kern, Claimants-Appellants,**

v.

**Francis X. CONWAY, Trustee of Silesian-American Corporation, and Goldwater & Flynn, Attorneys for the Trustee, Respondents-Appellees.**

**No. 152, Docket 24255.**

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1956.

Decided Dec. 6, 1956.

Charles E. Scribner and Paul Emery Kern, New York City (Scribner & Miller, New York City, on the brief), for claimants-appellants.

Oliver T. Cowan, New York City (Francis X. Conway and Goldwater & Flynn, New York City, on the brief), for respondents-appellees.

David Ferber, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Thomas G. Meeker, Gen. Counsel, and Stuart C. Law, Atty., Securities and Exchange Commission, Washington, D. C., and Richard V. Bandler and Kiva Berke, Attys., Securities and Exchange Commission, New York City, on the brief), for Securities and Exchange Commission.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

The " 'most thankless and delicate task' " in corporate reorganizations, that of fixing allowances for services rendered in the proceedings, Finn v. Childs Co., 2 Cir., 181 F.2d 431, 435, is here especially difficult because of the nature of the problems faced and the divergence of views which developed as to their solution. The Silesian-American Corporation was formed in the twenties to mine, exploit, and develop extensive zinc and coal deposits in Upper Silesia; but the events of World War II left in substance only rights of action as its assets in the reorganization proceedings initiated in 1941. Among these rights, those against the American promoters or their holding company "Sihoc" and against certain Swiss banks which had accepted deposits on sales of zinc have alone shown any promise so far.[1] The trustee negotiated a settlement with the Swiss banks and proposed a plan based upon it, which met with the approval of the district court. It was opposed, however, by a Bondholders' Protective Committee and other interests, including the S. E. C., which made investigations and filed extensive and valuable reports. An extensive description of the proceedings and the negotiations will be found in our opinion on appeal, wherein we reversed the order approving the plan because we, too, thought the settlement offer inadequate. Conway v. Silesian-American Corp., 2 Cir., 186 F.2d 201. A later appeal discloses how local jurisdiction over the Swiss banks was lost by the expiration of a "bar" order procured by the trustee. Conway v. Union Bank of Switzerland, 2 Cir., 204 F.2d 603. Thereafter a new settlement was reached involving an increase in the Swiss offer by nearly $100,000 to a total of $750,-000 and a payment from "Sihoc" of $375,000, less its distributable cash on its own bondholdings; and a plan based on these receipts, approved with some reluctance by the S. E. C., has been confirmed and put into effect. It is obvious that the trustee and his counsel, supported by the district judge, have had much less belief in these claims than had the bondholders and the S. E. C., and, so far as they have come before us, ourselves. The situation is too complicated for us to attempt definitive judgment upon what we did regard as "the defeatist point of view" of the trustee and his counsel. Conway v. Silesian-American Corp., 2 Cir., 186 F.2d 201, 213. But it is clear that they worked hard and at length in a difficult situation; even though we have disagreed with their approach, we shall say no more than that they seem to us to have received rather high fees in a not too successful reorganization. The over-all allowances of about $288,000 are payable out of an estate of only some $1,500,000.

The present appeal is taken by the attorneys for the Bondholders' Protective Committee who are primarily seeking an increase in their own allowance, rather than a return to the reorganized corporation; but this appeal permits of full representation by the S. E. C., which had participated in the proceedings below. Bankruptcy Act § 208, 11 U.S.C. § 608; S. E. C. v. United States Realty

---

1. Reserved for future prosecution, when and if possible, of claims against the Polish government for expropriation of the mines and the corporation "Erben" for misappropriation of the assets, as described in Conway v. Silesian-American Corp., 2 Cir., 186 F.2d 201. Recovery on these claims does not appear to be presently promising.

& Improvement Co., 310 U.S. 434, 458, 60 S.Ct. 1044, 84 L.Ed. 1293.[2] The issues are framed with respect to the allowances to the trustee, his counsel, and the counsel for the Bondholders' Protective Committee; no issue is made here as to the recovery of disbursements and certain other small allowances. The trustee requested $95,000 for himself, the S. E. C. recommended $70,000, and the court below awarded $90,000. Counsel for the trustee sought $160,000, the S. E. C. recommended $130,000, and the court allowed $140,000. Committee counsel sought $90,000, the S. E. C. recommended $50,000, and the court awarded $45,000. On this appeal the S. E. C. vigorously supports its original recommendations, committee counsel seek an increase to at least $70,000, and the trustee and his counsel seek to hold the amounts allowed them by the district court.

In Finn v. Childs Co., supra, 2 Cir., 181 F.2d 431, we held under the circumstances there disclosed that the recommendation for allowances of the S. E. C., made by this responsible and disinterested public agency after close familiarity with the entire proceedings and careful study and report, should be followed unless the reorganization judge showed reasons otherwise based on specific findings. See also In re Solar Mfg. Corp., 3 Cir., 215 F.2d 555. We think that principle even more apposite here in view of the particular circumstances noted above. True, the able trial judge

has set forth his deep conviction otherwise; but we are constrained to disagree. We do this with the more assurance since we think he was in error in one important aspect. In justifying greater awards than the Commission recommended for the trustee and the trustee's counsel and a lesser award to the counsel for the Bondholders' Protective Committee, he held that the latter's opposition to the first plan, even though successful before us, could serve as a basis for allowance only if it led to the realization of substantially increased assets to justify the delay of some years in the distribution of the estate. And he did not find such benefit. But this does not seem to us correct. The increase in assets was quite substantial, even if still disappointing; and it involved a recovery from Sihoc which cannot be overlooked. Moreover, we think the theory erroneous. Services are rendered in connection with the plan even if they consist of opposing an original plan found judicially to be not fair and feasible, as we held as early as In re Consolidated Motor Parts, Inc., 2 Cir., 85 F.2d 579, 581. Hence the order must be reversed, and upon remand revised to incorporate the allowances recommended by the S. E. C., viz., $70,000 and $130,000 to the trustee and his counsel respectively, in place of the $90,000 and $140,000 allowed, and $50,000 to the appellant as counsel for the Bondholders' Protective Committee, in place of the $45,000 allowed.

Reversed and remanded.

2. The plan reserves $50,000 cash for reorganization expenses and for the prosecution of the claims referred to in note 1 *supra.* This apparently satisfies the reorganized corporation, which has not opposed the allowances herein. All interests represented except the S. E. C. oppose any reduction in the total allowances and urge that any over-all reduction will benefit the Swiss banks and Sihoc on dividends to be received. But we do not believe that this should be ground for excessive allowances; and as the Commission points out, the public bondholders will share somewhat if dividends are increased.