Isadore **BLAU**, a stockholder of Warner Bros. Pictures, Inc., suing on behalf of himself and all other stockholders similarly situated and on behalf of and in the right of Warner Bros., Pictures, Inc., Plaintiff,

v.

Charles **ALLEN**, Jr., Albert Warner, Jack L. Warner and Warner Bros. Pictures, Inc., Defendants.

United States District Court
S. D. New York.

March 24, 1959.

See also 163 F.Supp. 702.

Morris J. Levy, New York City, for plaintiff.

R. W. Perkins, New York City, for defendant Warner Bros. Pictures, Inc.

SUGARMAN, District Judge.

The plaintiff Isadore Blau, a stockholder of Warner Bros. Pictures, Inc., on behalf of the corporation brought suit against the said corporation and individual defendants Charles Allen, Jr., Albert Warner and Jack L. Warner,

seeking on behalf of the corporate defendant recovery of short-swing profits allegedly made by the individual defendants in trading in the stock of the corporate defendant, in violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b).

In due course the plaintiff moved for summary judgment against the three individual defendants. The plaintiff's motion was granted as against the defendant Allen and denied as to the other two individual defendants. A judgment was entered for $14,127.72, plus interest and costs, against the defendant Allen. There is pending an appeal therefrom. The denial of the motions for summary judgment against the other defendants was predicated upon the existence of triable issues of fact. It appears that if the plaintiff is ultimately successful against the other remaining individual defendants the maximum recovery against them would aggregate $61,262. Thus the total possible recovery against all three defendants is $75,389.72, with interest and costs.

After the granting of the motion for summary judgment against the defendant Allen, the parties negotiated a stipulation of settlement wherein all three defendants agreed to pay $45,319.36 in full settlement of all claims of the corporate defendant against them for the said short-swing profits.

A motion is now before me to approve this settlement. It was brought on by order to show cause, which required publication of a notice [1] thereof in a newspaper and by service of a copy of said notice upon the Securities and Exchange Commission. It is to be noted that the said notice did not indicate in any way, except by reference to the stipulation of settlement on file in this court, that the quantum of lawyer's fees was to be resolved. The affidavit in support of the notice of motion to which is appended a copy of the stipulation of settlement merely provides that "deponent respectfully prays that this Court approve the proposed settlement herein as fair and reasonable in accordance with the terms of the Stipulation, and that deponent be granted a reasonable counsel fee together with disbursements advanced to be paid by Warner Bros. Pictures, Inc. from the fund it received herein."

The stipulation of settlement, in addition to providing for the payment of $45,319.36 in full settlement of the liability of the three individual defendants, provides:

"6. The plaintiff has stated that in the event the Court approves the within settlement, he intends to apply to the Court for an allowance, as attorney's fees and expenses (cancelling all prior allowances of attorney's fees), of forty per centum (40%) of the amount to be paid to the Corporation under this settlement, and the Corporation has agreed not to oppose such applica-

1. "To The Security Holders Of Warner Bros. Pictures, Inc.:

"In Pursuance to an order of Hon. Archie Dawson, a Judge of the United States District Court for the Southern District of New York, dated February 10, 1959, notice is hereby given under Rule 23 F.R.C.P. [28 U.S.C.A.] that, in the matter entitled 'United States District Court, Southern District of New York, Isadore Blau, etc., plaintiff, against Charles Allen, Jr., et al., defendants,' (Civil 124–394), an action brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, an application is pending for approval of a proposed compromise of the causes of action against the defendants, Albert Warner and Jack

L. Warner, and for approval of a proposed compromise of a judgment against defendant, Charles Allen, Jr., whereby the aforesaid defendants shall pay to Warner Bros. Pictures, Inc., the aggregate sum of $45,319.36 in accordance with the provisions set forth in the stipulation, dated February 9, 1959, filed with this Court.

"A hearing on the advisability of the proposed settlement and compromise will be held before the Judge presiding at the United States Courthouse, Foley Square, New York, N. Y., on the 19th day of February, 1959, at 10:00 o'clock in the forenoon of that day in Room #506. The application is on file in the Clerk's Office."

tion; any fees and expenses which may be ordered by the Court shall be paid by the Corporation as the Court may direct."·

It is thus apparent that in so far as the plaintiff's attorney's fee is concerned, the parties are no longer in an adversary posture.

■ The within motion for leave to settle and compromise the action brought pursuant to Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78p(b)) which is in part reduced to judgment, is granted on consent of the attorneys for the parties, there being no appearance on behalf of members of the affected class other than plaintiff, except as hereinafter provided.

■ The stipulation of the parties that plaintiff's attorney receive 40 per cent of the settlement is not approved. In Smolowe v. Delendo Corporation, 2 Cir., 1943, 136 F.2d 231, 148 A.L.R. 300, certiorari denied 1943, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446, the allowance after trial [D.C.S.D.N.Y.1942, 46 F.Supp. 758] was 15 plus per cent of the recovery, which the Court of Appeals characterized as "quite substantial." By comparison, where no trial was necessary, the 40 per cent herein agreed upon seems exorbitant.[2]

Accordingly plaintiff shall by separate motion move for an allowance for his attorney's fee and disbursements upon detailed proof of the services performed, upon notice to the defendants' attorneys who will state a position thereon, and upon notice to the New York Regional Office of the Securities and Exchange Commission, which is requested to state its opinion upon the amount of counsel fee and disbursements to be allowed out of the fund herein.[3]

While the cases cited in footnote 3 deal with bankruptcy reorganizations, where the Securities and Exchange Commission was present under the mandate of the Bankruptcy Act,[4] they persuade the employment of the facilities of the Commission (whose purpose is the general administration of the very statute under which this suit was brought) in testing the legitimacy of the fee sought, especially since the corporate defendant has undertaken in the stipulation of settlement not to oppose it.

It is so ordered.

---

2. Cf. 66 Harv.L.Rev. 421, note 141 et seq.

3. Cf. Finn v. Childs Co., 2 Cir., 1950, 181 F.2d 431; Scribner & Miller v. Conway,· 2 Cir., 1956, 238 F.2d 905; In re General Stores Corporation, D.C.S.D.N.Y. 1958, 164 F.Supp. 130.

4. § 208, 11 U.S.C.A. § 608.·