**In re CONTINENTAL AIRLINES, INC., Debtor.**

**In re TEXAS INTERNATIONAL AIRLINES, INC. Debtor.**

**Bankruptcy Nos. 83–04020–H1–5, 83–4021–H3–5 and 83–04019–H2–5.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

August 28, 1985.

See also, 57 B.R. 842, 57 B.R. 845 and 57 B.R. 854.

Clifford H. Brown, Ervin, Cohen & Jessup, Beverly Hills, Cal., for plaintiff.

John J. Gallagher, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for defendant.

## ORDER

T. GLOVER ROBERTS, Bankruptcy Judge.

This matter came on before the Court on the Motion of the Official Non-Union Labor and Pension Committee (hereinafter the Non-Union Committee) for leave to intervene in the contested matters involving the adjudication of non-union employee claims against this estate, including inter alia, the Debtors' request for estimation of the total value of such claims, pursuant to 11 U.S.C. § 502(c). The Committee seeks not only to intervene in the subject litigation, but also seeks authority to represent individual claimants within this non-union employee category for claims allowance purposes and to speak on behalf of these individuals. The Committee having filed its motion, the Debtor filed a response in opposition, with a reply by the Committee. The matter then came on for oral argument before this Court, by telephonic hearing, per the agreement of counsel, on August 26, 1985, the proceedings being on the record. The Court has considered the request by said Committee, the opposition by the Debtor, as well as comments of other Committee groups, and makes the following adjudication:

The Motion to Intervene in the above described proceedings in this case, by the Non-Union Committee is hereby granted, but with the intervention being limited, as follows: the Non-Union Committee and/or its counsel may appear and be heard, through briefs and oral argument, pursuant to § 1109(b) of the Bankruptcy Code. Within the context of this particular Non-Union claims litigation, this Committee may also, pursuant to § 1103(c)(2) of the Bankruptcy Code make recommendations to its constituency, relative to positions formulated by the Committee. The role and participation of Committee counsel is limited here to roles and or positions specifically authorized and instructed by the Non-Union Committee, in writing, after the Committee's having met, deliberated and made such official Committee decision. Aspects of this litigation requiring evidence shall be performed by counsel to the individual creditors, making claims against the estate.

That part of the Motion to Intervene by this Non-Union Committee and its counsel seeking to represent individual claimants within the Non-Union employee category and speak on behalf of these individuals is denied.

■ Section 1103 of the Bankruptcy Code describes the duties of Committees, and the verbal words of art found in Sub-Sections (c)(1)–(4), relative to these duties have plain meaning, that is, to "consult", "investigate", "participate" in plan formulation, "advise", "collect and file" plan acceptances or rejections and "request" the appointment of a trustee or examiner. Neither these paragraphs nor the supporting case law indicates any precedent for treating a Committee, per its historical role, or its counsel, as the "representative" of a class in the sense of the traditional class action. A search of applicable case law likewise fails to persuade the Court that § 1103(c)(5) provides such authority.

It may be that a class representative is the most appropriate and efficient method of administering the Non-Union employee claims controversy in this case. However, such motion for appointment of such a class with appropriate claims representatives is not before the Court at this time, as was the fact situation found in *REA Express Inc.*, 10 B.R. 812 (S.D.N.Y.,1981).

■ The Court is of the opinion that to allow this Committee and its counsel to serve in such a role expands the meaning and intent of the Bankruptcy Code in a manner for which it was neither intended, nor for which there is any clear case precedent to be found. Further, such an expansion of the historical and traditional role of this Committee structure in the Bankruptcy Code, in the opinion of this Court, would violate existing clear case law prohibitions of the functions and duties of such Committees. First, "counsel to the Committee cannot be placed in the untenable position of maximizing the distribution to individual creditors". *Pension Benefit Guaranty Corp. v. Pincus, Verlin, Hahn Reich and Goldstein, P.C.* 42 B.R. 960 (E.D.Penn., 1984). To allow the Committee here to do what it asks has the potential to violate this prohibition, by placing the Committee squarely in the untenable position of a clear conflict of interest between one individual creditor/employee and another, maximizing some claims, some at the potential expense of others. This is a conflict to clearly be avoided as a matter of law, *Berner v. Equitable Office Building Corp.*, 175 F.2d 218 (2d Cir., 1949), and as a matter of equity.

■ Further, it is clear that a debtor is not required to finance litigation against itself designed to maximize claims against the estate. *Newman and Bisco v. Realty Ass. Securities Corp.*, 173 F.2d 609 (2d Cir., 1949). *In re New York, NH and HR Co.*, 46 F.Supp. 214 (D.Conn.), (aff'd sub. nom. *Conn. R. and Lighting Co. v. Palmer*, 132 F.2d 670 (2d Cir., 1972). Again, with counsel fees to this Committee here being paid by the Debtor, to allow the Committee's request would violate this latter prohibition.

The Court would note that, although this Committee represents the interest of all creditors within this category, its *main function* is to *advise* the creditors of their rights and the proper course of action in the Bankruptcy proceeding. *In the Matter of Bohack Corp.*, 607 F.2d, 258 at 262, n. 4, (2d Cir., 1979). Once advised, of course, the creditors within this category may choose to pursue courses of legal action or non-action as they see fit. It is therefore

ORDERED AND ADJUDGED that participation by the Official Non-Union Labor and Pension Committee and its counsel in the matter involving adjudication of Non-Union employee claims, including the estimation proceeding described above, is allowed but restricted in the manner and for the reasons described above. Any Committee counsel compensation for such participation in these proceedings shall be considered by the Court, after notice and a hearing, pursuant to the standing orders in this case relative to fee compensation.